IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LATASHA HOLLOWAY,

   Plaintiff,

vs.             CIVIL ACTION NO: 3:17cv00773

CITY OF VIRGINIA BEACH, VIRGINIA,

   Defendants.

## I. MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**SERVE:**
Mark D. Stiles
City Attorney
Office of the City Attorney
2401 Courthouse Dr
Building 1
Virginia Beach, Virginia 23456
(757) 385-5687
mstiles@vbgov.com

By: _____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456


RECEIVED NOV 20 2017 CLERK, U.S. DISTRICT COURT RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LATASHA HOLLOWAY,

        Plaintiff,

vs.                                    CIVIL ACTION NO:

CITY OF VIRGINIA BEACH, VIRGINIA,

        Defendants.

## I. MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. Currently, the City of Virginia Beach's at-large election to the City Council has the effect of unlawfully diluting or minimizing "minority voting strength" and equal opportunity to elect candidates of their choice in violation of Section 2 of the Voting Rights Act of 1965, as amended 42 U.S.C. §1973 *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution through adoption in the 1906-1962 city charter of the at-large elections as a means to promote racially discriminatory objectives.

## II. JURISIDICTION

2. This action arises under the First, Fourteenth and Fifteenth Amendments to the United States Constitution, and Section 2 of the Voting Rights Act, of 1965, as amended 42 U.S.C. §1973 *et seq.*, This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over plaintiff's state claim for violation of the First Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment and 42 U.S.C. §1983. Suit is authorized by 42 U.S.C. §1983.

## III. PARTIES

3. Latasha Holloway, a registered voter at all times mentioned herein was, (and remains) a resident of the City of Virginia Beach and of the Commonwealth of Virginia and a citizen of the United States of America.

4. The City of Virginia Beach, Virginia among their duties and responsibilities is the protection, observance and safeguarding of the constitutions of the United States and of the Commonwealth by and through its City Council the duly elected representatives thereof:

## IV. FIRST CAUSE OF ACTION

5. Plaintiff claims injury as direct result of the defendants at large elections to the City Council deprives the plaintiff and other qualified voters of equal treatment and an opportunity to vote for a candidate of their choice as guaranteed by the Voting Rights Act, 1965, as amended, 42 U.S. C. §1973, *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law.

## V. SECOND CAUSE OF ACTION

6. The City of Virginia Beach at large elections to the City Council has the effect of diluting or minimizing "minority voting strength" in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S. C. §1973, *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution and laws.

## VI. THIRD CAUSE OF ACTION

7. The City of Virginia Beach at large elections to the City Council has the purpose and effect of denying or abridging the rights of minorities to vote on account of race or color in violation of Section 2 of the Voting Rights Act of 1965, as amended 42 U.S.C. §1973 *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution.

## VII. FOURTH CAUSE OF ACTION

8. The City of Virginia Beach at large elections to the City Council has the effect of diluting or minimizing "ethnic minorities and linguistic minorities" voting strength" in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973, *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution and laws.

## VIII. FIFTH CAUSE OF ACTION

9. The City of Virginia Beach at large elections to the City Council has the purpose and effect of denying or abridging the rights of "ethnic minorities and linguistic minorities" of an equal opportunity to vote for a candidate of their choice as guaranteed by the Voting Rights Act, as amended 42 U.S.C. §1973 *et. seq.*, 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law.

## IX. SIXTH CAUSE OF ACTION

10. The City of Virginia Beach deprives elderly individuals and people with disabilities basic accessible or alternate polling places in elections in violation of the Voting Rights Act of 1965, as amended 42 U.S.C. §1973, 42 U.S.C. §1983, Title II of the Americans with Disabilities Act (ADA), the Voting Accessibility for the Elderly and Handicapped Act of 1984 (VAEHA), and the First, Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law.

---

1. **TAKE JUDICIAL NOTICE:** From 1906 until 1986 every member of Virginia Beach's city council to hold office was white. In 1986 John Richard Logan Perry, was the first Black elected to Council until 1990, Louisa M. Strayhorn was the first Black female from 1994-1998, and Dr. Amelia Ross-Hammond was the second Black female from 2013 until 2016, and from that time, until this action was filed, the council had no black member. In an at-large system, the majority always has the strength to elect all of its candidates. By taking a historical white bloc voting analysis into consideration, it provides a more accurate portrayal of vote dilution or compelling evidence that the system is operating to dilute black votes. See Gingles, 478 U.S. at 56, 106 S.Ct. at 2769

# X. RELIEF REQUESTED

11. **WHEREFORE**, plaintiff request the court grant the following relief:

A. Issue an injunction stating that:

1. The City of Virginia Beach at large system of voting for City Council violates Plaintiff's rights secured by the Voting Rights Act of 1965, as amended, 42 U.S. C. §1973, 42 U.S.C. §1983, First, Fourteenth and Fifteenth Amendments to the United States Constitution and laws.

2. Defendants' the ("cabal") official action caused and/or subjected plaintiff to denial of their Voting Rights, *supra*:

3. Defendants by their acts and omissions, and in furtherance of their agenda, violated the Voting Rights Act of 1965, as amended, 42 U.S. C. §1973, and 42 U.S.C. §1983, the First, Fourteenth and Fifteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Virginia.

B. Issue an injunction ordering City of Virginia Beach and their agents:

1. Enjoin defendants from maintaining the current at large City Council status as a direct conflict with the Voting Rights Act, *supra*:

2. Issue an injunction prohibiting the holding of future City Council at large system of voting in the City of Virginia Beach and the replacement of the at-large system with a system of wards or single-member districts.

3. Plaintiff's Federal constitutional and statutory rights against violation of her voting rights can only be protected against immediate and certain violations in this case by the issuance of the requested injunction.

4. Order Defendants to fully comply with Title II of the Americans with Disabilities Act (ADA), and the Voting Accessibility for the Elderly and Handicapped Act of 1984 (VAEHA) and laws.

C. Plaintiff does hereby give notice for leave to file an amended complaint pursuant to [F.R.C.P.] and supplementary pleadings and, request competent legal counsel be timely appointed pursuant to applicable [F.R.C.P.] to assist in the preparation of any further responsive pleadings, affidavits, briefs, discovery, etc., on the ground that plaintiff lacks the financial capability to investigate the critical issues that are so complex that, as a *pro se* litigate, she can not reasonably be required to present this case with any effectiveness that legal assistance is necessary and in the interest justice for the fair presentation of a proper case to the Court.

November 10, 2017

Respectfully Submitted,

By: _____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456