IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LATASHA HOLLOWAY,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF VIRGINIA BEACH, VIRGINIA,<br><br>　　Defendant. | Civil Action No. 2:18-CV-69 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS**

NOW COMES the City of Virginia Beach, by counsel, and for its Memorandum of Law in Support of Motion to Dismiss, respectfully sets forth the following:

**Factual and Procedural Background**

Latasha Holloway ("Holloway"), *pro se*, filed a Motion for Leave to file *in forma pauperis* along with a Complaint against the City of Virginia Beach (the "City") alleging violations of the Voting Rights Act of 1965, 42 U.S.C. 1983, the Americans with Disabilities Act, the Voting Accessibility for the Elderly and Handicapped Act of 1984, and the First, Fourteenth, and Fifteen Amendments to the United States Constitution on November 20, 2017, in the Alexandria Division of this Honorable Court. ECF No. 1. The Alexandria Division of this Court, *sua sponte*, ordered this matter transferred to the Norfolk Division pursuant 28 U.S.C. 1391(b)(2) and Local Civil Rule 3(c) for further consideration. ECF No. 3. Thereafter, this Court granted Holloway's motion to proceed *in forma pauperis* and filed Holloway's Complaint with an instruction to the Clerk of Court to prepare a waiver of service to the City. ECF No. 4. Prior to any responsive pleadings by the Defendant, the Court considered Holloway's motion to

1

appoint counsel, a motion for an interlocutory appeal as to the motion to appoint counsel, and a motion to stay the proceedings pending the interlocutory appeal. See ECF Nos. 6, 10. The Court denied without prejudice the Motion for Appointment of Counsel, denied the Motion for an Interlocutory Appeal, and deferred the Motion to Stay pending this responsive pleading by the City. ECF No. 11.

The City, having waived service of process, now moves to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Holloway fails to state a claim upon which relief can be granted.

Holloway's Complaint discloses neither her race, nor age, nor whether she suffers from a disability. Holloway avers only that she is a resident of the City of Virginia Beach and that she is a registered voter in the City. ECF No. 5, Complaint ¶ 3. The Complaint sets forth six separate counts. Holloway's primary contention is that the current "at-large" voting method employed by the City violates the specific requirements of the Voting Rights Act by diluting the votes of African-American citizens.[1] Holloway also claims that elderly and disabled persons are deprived of "accessible or alternate polling places in elections." ECF No. 5, Complaint ¶ 10. Each count of her Complaint consists of a single, conclusory statement beneath the heading, and each is devoid of any supporting facts.

Holloway seeks several forms of declaratory and injunctive relief ostensibly intended to cure the supposed violations that she alleges in the six separate counts of her Complaint. ECF No. 5, Complaint ¶ 11. Holloway does not offer any proposal for a ward or single member district system that would satisfy the requirements of the Voting Rights Act as part of her

---

[1] It should be noted that in 1998 this Court addressed the merits of a vote-dilution claim against the City of Virginia Beach as it relates to the use of an at-large voting system. See generally Lincoln v. City of Virginia Beach, No. 2:97cv756 (E.D.V.A. Dec. 29, 1997) (opinion attached hereto as Exhibit "A").

demand for injunctive relief. Nor does Holloway explain in what regard the City deprives elderly or disabled citizens access to polling places. Instead, Holloway merely demands that the current at-large voting system be replaced with a system of wards or single-member districts and that the City be ordered to comply with "Title II of the Americans with Disabilities Act (ADA), and the Voting Accessibility for the Elderly and Handicapped Act of 1984 (VAEHA) and laws." ECF No. 5, Complaint ¶ 11(B)(2-4).

## Standard of Review

According to Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 8(a)(2) requires the complaint "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" The Supreme Court of the United States has defined this pleading standard, holding that the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Moreover, the Court held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Supreme Court also has held that a complaint must allege more than a "sheer possibility that the defendant has acted unlawfully," to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Id. Although a sufficiently pleaded complaint does not "require 'detailed factual allegations,'" it does require facts which are more than "'merely consistent with' a defendant's liability" in order to cross "the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). The basis

3

for the plaintiff's entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Although courts are required to "take all the factual allegations in [a] complaint as true, [they] are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Although a *pro se* complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), the Supreme Court "ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). "Thus, while the Court must extend leeway to the pro se Plaintiff, such leeway must be tempered to require the Plaintiff to comply with the Federal Rules of Civil Procedure, specifically . . . Rule 8 of the Federal Rules of Civil Procedure." Davis v. Bacigalupi, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010).

### Argument

I. Holloway's Complaint Fails to State a Single Claim Against the City of Virginia Beach That Is Plausible on Its Face.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Because Holloway's Complaint is devoid of factual support for her allegations, the Complaint lacks facial plausibility and fails to state a claim upon which relief can be granted. As drafted, the Court cannot draw any "reasonable inference that [the City] is liable for the misconduct alleged" because Holloway's Complaint is comprised of nothing more than six conclusory statements labeled as causes of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); ECF No. 5, Complaint ¶ 1-6. The "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action"

4

Holloway offers in the Complaint are wholly insufficient to successfully plead a claim. See Twombly, 550 U.S. 544, 555 (2007). Further, although the Court must take all the factual allegations in the Complaint as true, the Court is free to ignore "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The City does not contend that Holloway must set forth detailed factual allegations; however, Holloway must set forth some facts to show the cause of action is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Holloway sets forth only that she has been "a registered voter at all times . . . [and is] a resident of the City of Virginia Beach and of the Commonwealth of Virginia and a citizen of the United States of America." ECF No. 5, Complaint ¶ 3. Holloway does not allege her race, age, disability, or other status that would confer legal standing to Holloway or otherwise place her in a protected class pertinent to showing the plausibility of her claims or justifying the injunctive relief demanded. See ECF No. 5, Complaint ¶ 11.

The First Cause of Action reads in its entirety: "Plaintiff claims injury as direct result of the defendants at large elections to the City Council deprives [sic] the plaintiff and other qualified voters of equal treatment and an opportunity to vote for a candidate of their choice as guaranteed by the Voting Rights Act, 1965, as amended, 42 U.S.C. §1973, *et seq*., 42 U.S.C. §1983, and the First, Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law." The second, third, fourth and fifth causes of action also do no more than recite similar conclusory statements of law; none of them provide factual support for Holloway's claim of vote dilution. Aside from a brief footnote requesting judicial notice be taken of the number of African-Americans that have been elected to the Virginia Beach City Council, Holloway's Complaint offers no factual support for her claims. This footnote is wholly

inadequate to establish a vote dilution claim. Although the extent of minority electoral success is one factor appropriate for consideration in such cases, "nothing in [Section 2] establishes a right to have members of a protected class elected in numbers equal to their proportion in the population." 52 U.S.C. § 10301(b) (formerly codified at 42 USCS § 1973).

The United States Supreme Court has opined that the "essence of a Section 2 claim is that a certain electoral law, practice, or structure interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by black and white voters to elect their preferred representatives." Thornburg v. Gingles, 478 U.S. 30, 47, 106 S. Ct. 2752, 2764 (1986); see also Johnson v. DeGrandy, 512 U.S. 997, 114 S. Ct. 2647 (1994). The Court has characterized the evaluation of a vote-dilution claim as "a flexible, fact-intensive test." Gingles, 478 U.S. at 46, 106 S. Ct. at 2764. Moreover, a trial court's "determination is peculiarly dependent upon the facts of each case and requires an intensely local appraisal of the design and impact of the contested electoral mechanisms." Id. at 79, 106 S. Ct. at 2781 (internal quotation marks and citation omitted). Holloway fails to offer any facts which would allow this Court to undertake the required fact intensive analysis and these claims of vote dilution must therefore be dismissed.[2]

Several of Holloway's vote-dilution allegations also appear to be unnecessarily duplicative. The second and fourth causes of action, as well as the fifth and third causes of action, allege identical legal conclusions. The only differences between the second and fourth causes of action are the addition of the words "ethnic" and "linguistic," as well as making the

---

[2] The City also notes that Holloway has not offered any facts establishing the existence of any of the "necessary preconditions" for a plaintiff to state a plausible case of vote dilution in multi-member districts as set forth in Thornburg v. Gingles, 478 U.S. 30, 48-52, 106 S. Ct. 2752, 2765-68 (1986) (holding that certain circumstances are necessary preconditions for multi-member districts to operate to impair minority voters' ability to elect representatives of their choice.).

6

word "minority" plural.  See ECF No. 5, Complaint ¶ 6, 8.  Other than those differences, the two causes of action track each other identically.  Similarly, the only differences between the third and fifth causes of action are the addition of the words "ethnic" and "linguistic," and otherwise the two causes of action are identical.  See ECF No. 5, Complaint ¶ 7, 9.

Holloway's Sixth Cause of Action reads in its entirety: "The City of Virginia Beach deprives elderly people and people with disabilities basic accessible or alternate polling places in elections in violation of the Voting Rights Act of 1965, as amended 42 U.S.C. §1973, 42 U.S.C. §1983, Title II of the Americans with Disabilities Act (ADA), the Voting Accessibility for the Elderly and Handicapped Act of 1984 (VAEHA), and the First, Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law." See ECF No. 5, Complaint ¶ 7.

Holloway fails, as a primary matter, to state her age or whether she suffers from any disability that falls within the ambit of any of the statutes she cites.  Nor does Holloway provide even a scintilla of evidence to support the bare legal conclusion contained therein. Holloway's request for relief highlights the insufficiency of her claim, asking the Court to order Defendants to fully comply with the ADA, the VAEHA, "and laws"—but nowhere explaining in what regard the City failed to comply these acts. Holloway's Sixth Cause of Action therefore must be dismissed.

## Conclusion

Holloway's Complaint leaves the Court and the City to guess as to what facts exist, if any, that support her claims and justify her demands for declaratory and injunctive relief. Holloway's Complaint is impermissibly formulaic and devoid of factual assertions that support her alleged causes of action.  A close review of Holloway's Complaint, even providing the

appropriate deference to a *pro se* litigant, reveals that the allegations do not combine to state any claims that are plausible on their face and, therefore, fail to meet the basic requirements of Rule 8 of the Federal Rules of Civil Procedure.

    For the reasons fully set forth herein, the City of Virginia Beach requests the Court dismiss the Complaint with prejudice and afford the City all other such relief it deems appropriate.

                                      Respectfully Submitted,

                                      CITY OF VIRGINIA BEACH

                                      By: _____/s/_____
                                              Of Counsel

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
*Attorneys for the City of Virginia Beach*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Latasha Holloway is a non-filing user of the CM/ECF system. No other parties require notice.

/s/
Gerald L. Harris

And I hereby further certify that on this same date I have arranged for service of process through a private process server and have mailed the foregoing document along with a copy of the NEF to the following non-filing user:

Latasha Holloway
3682 Windmill Drive
Virginia Beach, VA  23453

/s/
Gerald L. Harris

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
*Attorneys for the City of Virginia Beach*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com