

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LATASHA HOLLOWAY,

        plaintiff,

vs.           ACTION NO. 2:18-cv-69 AWA-RJK

CITY OF VIRGINIA BEACH, VIRGINIA,

        defendant.

## AFFIDAVIT OF LATASHA HOLLOWAY

LaTasha Holloway, being duly sworn, deposes and states as follows:

1. I am the named Plaintiff in the above stated action.

2. I am an African American register voter in the Commonwealth of Virginia, and a resident of the City of Virginia Beach, Virginia, and due to the City's maintenance of an at-large elections scheme, I have suffered "representational harms" that was obviously created solely to effectuate the perceived common interests of "whites" to maintain or enhance its political power at African Americans expense, and to condemn the efforts of "whites" to share its power with African Americans.

3. It appears, white elected officials believe that their primary obligation is to represent only whites, rather than their constituency as a whole.

4. The at-large system of electing members of the Virginia Beach City Council unlawfully dilutes African American voting strength in violation of Section 2 of the Voting Rights Act of 1965, as amended in 1982, 42 U.S.C. § 1973.

5. At large elections minimizes, suppresses and dilutes minority voting strength and deprives Plaintiff a member of a protected class of an equal opportunity to vote for a candidate of their choice as guaranteed by the Voting Rights Act and Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of law. See Gingles, 478 U.S. at 56, 106 S.Ct. at 2769.

6. Plaintiff has been deprived of the right or access to a discriminatory free elections system on account of a previous condition of servitude, and race or color in the Commonwealth of Virginia, by the City's failure to prevent, enforcement or perquisite to voting standard, practice, procedure, and election laws or statutes in a discriminatory or unconstitutional fashion in violation of the Voting Rights Act, and rights guaranteed or secured under the First, Fourteenth and fifteenth amendments to the United States Constitution against any illegal encroachment or deprivation of the enjoyment of those rights to be free from discriminatory election devices or injury I suffered in fact casually connected to the City's improper, illegal or unconstitutional actions. *Id.*

7. I have personal knowledge of the Defendant's use of its at-large voting device in the Commonwealth of Virginia to deprive my voting rights and other similarly situated protected minorities in violation of the Voting Rights Act of 1965, § 2 et seq., as amended, 42 U.S.C. A. § 1973 et seq., and Constitution.

8. Plaintiff, and the Commonwealth of Virginia suffered injury in fact directly related to the Defendant through the operation or enforcement of a vote dilution device, laws or statutes having the purpose or effect of diluting or suppressing my vote and minorities voting strength as a protected class. See Gingles, 478 U.S. at 56, 106 S.Ct. at 2769.

9. The Defendant through the approval or operation and enforcement of at-large election law, devices or statutes in violation of the Voting Rights Act, have effectively diluted or suppressed and reduce my political effectiveness and voting strength, by limiting my chances to translate voting strength into power and others similarly situated protected minorities in violation of rights guaranteed or secured by the first, fourteenth and fifteenth amendments to the United States Constitution or laws.

10. I have been deprived the full operation of my citizenship which is essential to the democratic form of Government, the Defendant maintains an at-large elections device or scheme without any legal or compiling governmental interest in the Commonwealth of Virginia and, as result I have suffered repeated injury casually connected to the Defendant enforcement of an at-large

elections law and/or statutes having the purpose and effect of political exclusion or dilution of her voting strength,offends § 2 of the Voting Rights Act, and Eighth Amendment that succinctly prohibits excessive sanctions, plaintiff has suffered injury in fact casually connected to challenged action of Respondents.

11. Plaintiff has suffered injury in fact casually connected to the Defendant encroachment of my right to equal protection or due process by subjecting me to illegal conduct outside the scope of its legal, statutory and or constitutional authority, and its gross negligence and bad faith acts as retaliation toward her for engaging in political or civil rights activities such as the above referenced matter in violation of rights guaranteed or secured by the first, eighth, fourteenth and fifteenth amendments to the United States Constitution or laws.

12. The Defendant's illegal or unconstitutional enforcement of at-large laws or vote dilution device or actions without a legitimate governmental interests has impaired or deprived my first amendment right to political association or free expression, fourteenth amendment right to equal protection under law or from partial governmental governance, and fifteenth amendment right as a citizen of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude or in enjoying the benefits of participating in an integrated or non-discriminatory or segregated free voting or elections in violation of rights

guaranteed or secured by the first, fourteenth and eighth, fifteenth amendments to the United States Constitution or laws.

13. Defendant's illegal or unconstitutional actions caused or subjected Plaintiff a registered voter to personally suffer deprivation of my voting rights, first, fourteenth and fifteenth amendment rights to the United States Constitution that can fairly be traced to the challenged action of Defendant and that the injury is likely to be redressed by a favorable decision.

14. Defendant have consistently obstructed, denied or abridged Plaintiff's right to vote due to race, color, or previous condition of servitude, African peonage, forbidden to vote non- election related.

15. The Plaintiff, and the Commonwealth of Virginia have suffered injury in fact casually connected to the Defendant subjecting me to denial of equal protection by diluting or suppressing my vote is likely to be redressed by the court brought this action on behalf of herself and other similarly situated protected minorities and has standing.

16. Plaintiff have been deprived of fairness and equality under the law, in violation of section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. Section 1973, First, Fourteenth and Eighth Amendment's rights that succinctly prohibits excessive sanctions, freezing speech or voting qualification or prerequisite to voting or standard, practice or procedure imposed in a manner

which results in a denial or abridgment of the right to vote on account of race or color, previous condition of servitude in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.

LATASHA HOLLOWAY

_(signature)_

SWORN TO AND SUBSRIBED BEFORE ME, this 7th day of June, 2018

_(signature)_
NOTARY PUBLIC

My Commission Expires:

10-31-21

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2018, a true copy of the foregoing was mailed to Mark D. Stiles Counsel for defendants, City Attorney Office of the City Attorney 2401 Courthouse Dr Building 1 Virginia Beach, Virginia 23456.(757)385-5687 mstiles@vbgov.com

Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456