**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| **Latasha Holloway, pro se,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 2:18-CV-69** |
| **City of Virginia Beach,** | |
| **Defendant.** | |

**DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS**

COMES NOW Defendant City of Virginia Beach, by counsel, and for its Reply to the Plaintiff's Objection and Memorandum of Law in Support in Opposition to the Defendant's Motion to Dismiss and accompanying Affidavit, states as follows:

A careful review of Plaintiff's Reply Objection and Memorandum of Law in Support in Opposition to the Defendant's Motion to Dismiss ("Response Brief") and the accompanying Affidavit ("Affidavit") reveal the lack of substance to this lawsuit. See generally ECF No. 26, 27.  In its Memorandum of Law in Support of Motion to Dismiss, Defendant observes that Plaintiff's Complaint fails to "provide even a scintilla of evidence to support the bare legal conclusions contained therein." ECF No. 14 at 5.  Plaintiff does not substantively rebut Defendant's characterization of her Complaint.  Instead, the Response Brief and Affidavit recite the Complaint's same legal conclusions alongside a smattering of "new" factual material—mostly related to historical events that precede the passage of the Voting Rights Act of 1965 and predate the 2010 census that informed current voting districts in the City of Virginia Beach.  The addition of this new material does not advance her original claims made in the Complaint.

1

For example, with regard to the claims based upon Section 2 of the Voting Rights Act, Plaintiff asks the Court to take judicial notice that "Plaintiff has shown that a minority representation district can be drawn in a manner that complies with the overriding demands of the Equal Protection Clause," lending support to this assertion by claiming that the African-American voting age population in seven neighborhoods within the City of Virginia Beach "is sufficiently large and geographically compact to constitute a 50% majority . . ."  ECF No. 26 at 7.  Plaintiff provides no demographic information regarding the racial makeup of these neighborhoods; nor does Plaintiff provide any information regarding the shape, size, or total population of a hypothetical election district that would include these neighborhoods.[1]  Plaintiff's statements in the Response Brief as to her vote dilution claims appear to be no more than pure speculation or guesswork.

Further, with an understanding the Court will likely consider all of Plaintiff's filings given her *pro se* status, Plaintiff's Affidavit is a string of repetitive, unsupported assertions that lack the necessary factual enhancement. See generally ECF No. 27.  While the Court must accept all of Plaintiff's allegations as true, this Court is not bound to accept as true "a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Even with full consideration given to her status as a *pro se* litigant, Plaintiff's Affidavit is an extension of the unsupported conclusions from the Complaint and fails to meet federal pleading standards.

With regard to Plaintiff's claim regarding voting accessibility, Plaintiff fails to address

---

[1] In fact, the map Plaintiff incorporates in her Response Brief portrays the named neighborhoods as being noncontiguous and strewn across a large geographic expanse encompassing heavily populated areas of the City of Virginia Beach. Thus, not only does Plaintiff fail to plausibly allege the existence of a possible district of sufficient minority concentration and geographic compactness, the facts she provides actually suggest the improbability of that condition.

the fact that nowhere does her Complaint allege that she belongs to the class of disabled or elderly citizens that would have standing to bring this claim. See generally, ECF 26. The only additional "information" added to the bare legal conclusion of her Complaint is that seven named voting precincts "lack adequate handicapped parking . . ." ECF 26 at 11. Plaintiff leaves it to the Court's imagination to guess how many handicapped parking spots are at each precinct and why that unsaid number is "inadequate." Plaintiff's vague and insubstantial allegation does not constitute a claim for relief plausible on its face.

## Conclusion

Relying on the arguments set forth herein and the arguments previously advanced in its Memorandum of Law in Support of Motion to Dismiss, Defendant City of Virginia Beach respectfully asks this Court to grant its motion and to dismiss the Complaint in its entirety with prejudice.

                                                CITY OF VIRGINIA BEACH

                                                By:_____/s/_____
                                                      Of Counsel

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Attorneys for the City of Virginia Beach
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
glharris@vbgov.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Latasha Holloway is a non-filing user of the CM/ECF system. No other parties require notice.


/s/
Gerald L. Harris

And I hereby further certify that on this same date I have mailed the foregoing document along with a copy of the NEF to the following non-filing user:

Latasha Holloway
3683 Windmill Drive,
Virginia Beach, Virginia 23453
(757) 348-0456


/s/
Gerald L. Harris

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Attorneys for the City of Virginia Beach
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
glharris@vbgov.com