```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                   NORFOLK DIVISION
```

**LATASHA HOLLOWAY,**

        plaintiff,

vs.                  ACTION NO. 2:18-cv-69 AWA-RJK

**CITY OF VIRGINIA BEACH, VIRGINIA,**

        defendants.

**PLAINTIFF'S MOTION TO CERTIFY CASE AS A CLASS**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiff, prose, move the Court to order that this case may be maintained as a class action on behalf of:

All African American citizens and registered voters in the City of Virginia Beach, Virginia who, on and after November 7, 2017, was subjected to the City's at-large, citywide elections for members of the Virginia Beach City Council responsible for the unlawful dilution of their voting strength that was suffered by Plaintiff a member of the "class."

Grounds for this motion are as follows:

1. As part of the voting qualification or prerequisite to voting or standard, practice, or procedure to the City Council, African Americans are subject to blatant discriminatory voting practices which involves the City's at-large, citywide elections for the members of the Virginia Beach City Council. This vote dilution

scheme has been applied to the voting age population and all registered voters of the ninety thousand-five hundred and twenty African Americans in the City of Virginia Beach from November 7, 2017 to the present.

2. Plaintiff contend that this at-large voting scheme is undertaken without consent, is conducted in a manner likely to foster white majority racial bloc voting in elections that results in the denial or dilution of African Americans voting strength, which violates Section 2 of the Voting Rights Acts of 1965, and the rights of plaintiff and those similarly situated secured by the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3. Plaintiff also contend that the manner in which the voting procedure is performed is reasonably calculated to maintain political white supremacy and have had the result of minimizing and diluting African Americans voting strength.

4. The challenged at-large procedure was applied to all African American citizens and registered voters and the plaintiff participation in the City of Virginia Beach, City Council elections.

5. The claims of the plaintiff's are typical of those of the class.

6. Further evidence that the case presents common questions of fact and law is found in Gingles, 478 U.S. at 56, 106 S.Ct. at 2769. In an at-large system, the majority always has the strength to elect all of its candidates. By taking a historical white bloc voting analysis into consideration, it provides a more accurate portrayal of vote dilution or compelling evidence that the system is operating to dilute black votes.

7. The voting qualification or prerequisite to voting or standard, practice, or procedure to the City Council, challenged by plaintiff presents common questions of fact and law, including the following:

a. Is the voting scheme undertaken without consent? And, if so, is consent required by the Fourteenth and/or Fifteenth Amendments?

b. Does the procedure violate rights secured by the Fourteenth and/or Fifteenth Amendments?

c. Is the manner in which the procedure is performed reasonably calculated to maintain political white supremacy and has the result of minimizing and diluting

African Americans voting strength and, if so, is this a violation of rights secured by the Fourteenth and/or Fifteenth Amendments?

8. Plaintiff is proceeding prose and the claims are so similar to the class members that litigating the representative plaintiff's case will adequately decide the absent class members' cases, and

a. The class action is the best and most efficient way of resolving the claims, either for the plaintiff or for the defendants.

9. Class certification is appropriate under Rule 23(b)(3) because common questions predominate over individual issues and a class action is superior to other methods for the fair and effective adjudication of the controversy.

(10) From 1906 until 1986 every member of Virginia Beach's City Council to hold office was white. In 1986 John Richard Logan Perry, was the first African American elected to Council until 1990, Louisa M. Strayhorn was the first African American female from 1994-1998, and Dr. Amelia Ross-Hammond was the second African American female from 2013 until 2016, and from that time, until this motion was filed, the council had no African American member.

(11) Plaintiff and defendants will not be prejudiced by granting motion.

It is therefore respectfully requested that the Court order that the case proceed as a class action under Rule 23(b)(3).

I ASK FOR THIS

_____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757)348-0456

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, a true copy of the foregoing was mailed to Mark D. Stiles Counsel for defendants, City Attorney Office of the City Attorney 2401 Courthouse Dr Building 1 Virginia Beach, Virginia 23456.(757)385-5687 mstiles@vbgov.com

_____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757)348-0456
