

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LATASHA HOLLOWAY,

        plaintiff,

vs.                   ACTION NO. 2:18-cv-69 AWA-RJK

CITY OF VIRGINIA BEACH, VIRGINIA,

        defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO REQUEST A PRELIMINARY INJUNCTION

COMES NOW the Plaintiff, and respectfully move this Honorable Court for a preliminary injunction ordering Defendants, their officers, agents, servants, employees, attorneys and all those in concert with them enjoined from conducting discriminatory at large elections for city council under the present plan which all eleven city council members are elected on an at-large basis and order the Chief magistrate judge to monitor compliance with the preliminary injunction until the conclusion of this litigation.

1. The City of Virginia Beach has conducted at-large discriminatory elections for city council since July 1, 1972 until present, contrary to the evolving ruling of the **U.S. Supreme Court in Thornburg v. Gingles, 478, U.S. 30, 106 S. Ct. 2752, 92 L. Ed 25 (1986)**

2. From **1906** until **1986** every member of Virginia Beach's City Council to hold office was white. In 1986 John Richard Logan Perry, was the first African American elected to Council until 1990, Louisa M. Strayhorn was the first African American female from 1994-1998, and Dr. Amelia Ross-Hammond was the second African American female from 2013 until 2016, and from that time, until this motion was filed, the council had no African American member.

3. The City's at-large voting scheme is undertaken without consent, is conducted in a manner likely to foster white majority racial bloc voting in elections that results in the denial or dilution of African Americans voting strength, which violates Section 2 of the Voting Rights Acts of 1965, and the rights of

plaintiff and those similarly situated secured by the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The City's at-large elections voting scheme constitutes an illegal vote dilution device that minimizes Plaintiff's voting strength that is subject to Section 2 of the Voting Rights Act, thus there is a cognizable Section 2 claim. A preliminary injunction is therefore, attainable.

5. The U.S. Supreme Court has already ruled illegal at-large elections dilute minority voting strength and the city's reluctance to abandoned it violates Section 2 of the Voting Rights Act. See **Collins v. City of Norfolk Virginia, 883 F.2d 1232, 1235 (4th Cir. 1989).**

6. In particular, "a substantial likelihood" exist that Plaintiff will prevail on the merits. There is no remedy at law for these violations.

7. If the Court denies enjoining defendants, it would severely impact the Plaintiff's constitutional and statutory rights and cause immediate irreparable harm.

8. Plaintiff's Federal constitutional and statutory rights against illegal at-large elections, vote dilution device and deprivation of their equal protection can only be protected against immediate and certain violations in this case by issuance of the requested preliminary injunction.

9. In order to prevail on their motion for preliminary injunction, petitioners must show as here the court that (1) there is a substantial likelihood that plaintiff will prevail on the merits; (2) there is a substantial threat that plaintiff the United States and the Commonwealth of Virginia will be irreparably injured by defendants' action if temporary injunctive relief is not granted; (3) the relief requested will not cause irreparable injury to respondents conducting outlawed at-large city council elections of its members or other interested persons **without a modification of law or new legal standard**; and (4) the relief requested will serve, and will not adversely affect the public interest. **Wetzel v. Edwards,** 321 U.S. 414, 441, 64

S.Ct. 660, 88 L. Ed. 834 (1943); 7 J. Moore and J. Kennedy, **Moore's Federal Practice** ¶ 65.04 [1] (2d ed. 1982). All of these criteria are met in this case.

10. To obtain the relief requested, petitioners need not show that they are absolutely entitled as a matter of law to the final relief requested on the merits.

11. Under the above-described standards, plaintiff need only show that they have a substantial likelihood of success on the merits, and in some situations need not even go that far. In **Blackwelder Furniture Co. v. Seilig Manufacturing Co.** 550 F. 2d 189 (4th Cir. 1977), the Fourth Circuit emphasized that if a "grave" question was presented, or if "serious" issues are raised, that requirement diminishes in importance. At p. 195 the court stated:

**The district court below erred in holding that plaintiff must first show "likelihood of success" in order to be entitled to preliminary relief. Instead, the first step in a Rule 65(a) situation is for the court to balance the "likelihood" of irreparable harm**

to the plaintiff against the "likelihood" of harm to the defendant; and if a decided imbalance of hardship should appear in plaintiff's favor, then the "likelihood"-of-success test is displaced by Judge Jerome Frank's famous formulation: [I]t will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation. F. 2d 762, 770 (5th Cir. 1988); Gavilik v. Continental Can Co., 812 F. 2d 834, 851 (3rd Cir.), cert. Denied, 484 U.S. 979 (1987); Titch v. Reliance Group Inc., 548 F. Supp. 983, 985 (S.D.N.Y 1982), aff'd mem., 742 F. 2d 1441 (2d Cir. 1983). See Wolff v. McDonnell, 418 U.S. 539, 558 (1974)), Conduct intended to injure in some way unjustifiable by any government interest." Lewis 118 S. Ct. at 1716, 1717. See Albright v. Oliver, 510 U.S. 266 (1994).

---

1. **TAKE JUDICIAL NOTICE:** The City of Virginia Beach, Virginia, will hold general elections for city council and a special election for the office of mayor on November 6, 2018.

## LEGAL DISCUSSION

12. A preliminary injunction is appropriate if the moving party demonstrate either (1) a possibility of irreparable injury, or (2) serious questions going to the merits and the balance of hardship tipping sharply in his favor. **Chalk v. United States Dist. Ct.**, 840 F.2d 701,704 (9th Cir. 1988). **Moore's Federal Practice**, ¶ 65.04 [1], p. 65-36 (2d Ed. 1982); **Blackwelder Furniture Co. v Seilig Manufacturing Co.**, 550 F. 2d 189 (4th Cir. 1977); **Wetzel v. Edwards**, supra.

13. As stated above, the plaintiff need not show an absolute entitlement to final relief, but that a genuine issue exists.

The above discussion indicates that there is such an issue.

14. The second requirement is that plaintiff must show a substantial threat of irreparable injury.

15. The holding of the city council's discriminatory at-large elections and of mayor scheme, will further minimizes and dilute plaintiff's voting rights, if

allowed to go forward as scheduled on **November 6, 2018**, plaintiff would suffer the most serious and immediate irreparable injury by reason of a violation of their federal constitutional and statutory rights against, discriminatory at large elections and would be subjected to and could constitute a deliberate in difference to their rights. See **Slack, 529 U.S. at 484-85**.

16. The current at-large elections vote dilution device, and defendants wild-bald assertion the Court upheld it, a couple of decades ago, is just a back door scheme to continue unlawful at-large election practices to vote dilution. **Thornburg v. Gingles, 478, U.S. 30, 106 S. Ct. 2752, 92 L. Ed 25 (1986)**.

17. This Court has jurisdiction over a suit to enjoin officials from enforcing a state law on the ground that federal law preempts state law. **Ammex, Inc. v. Cox, 351 F. 3d 697 (6th Cir. 2003)**.

---

2.**TAKE JUDICIAL NOTICE**: Plaintiff asserts that her minority group is politically cohesive and has been consistently denied the election of its preferred candidates by the white majority's use of bloc voting techniques, and that African-American voters are "sufficiently geographically compact to constitute a majority in a reasonably drawn balancing voting district." See. e.g. McDaniels v. Mehfoud, 702 F. Supp. 588, 592 (E.D. Va. 1989). Virginia Const. Art. VII, § 5.

18. The Court referred to "the Supreme Court's repeated holdings that federal jurisdiction extends to suits to enjoin state enforcement on federal preemption and comparable grounds."

19. Defendants conduct is illegal or unconstitutional, and invalid under state and federal law.

20. The Defendants actions under color of law boarders on the criminal, if not criminal for intentional violations of the Constitution, Civil Rights and Voting Rights Act. *Id.*

## CONCLUSION

21. "Classifications and distinctions based on race or color have no moral or legal validity in our society. They are contrary to our constitution and laws."

-- **Thurgood Marshall**

22. The thrust of this case is that Virginia Beach's at-large city council elections were adopted in 1906, and have been maintained for the purpose of maintaining political white supremacy and have had the result of minimizing and diluting African Americans voting

strength in violation of the rights of plaintiff and those similarly situated secured by the Fourteenth and Fifteenth Amendments to the United States Constitution, Section 2 of the Voting Rights Act of 1965, as amended in 1982, 42 U.S.C. § 1973, and 42 U.S.C. § 1983.

---

**16. TAKE JUDICIAL NOTICE**: It should be noted in 1967, the Court did not address invidious discrimination in voting, it was held the City's plan made no distinction based on race, creed, or economic status or location and the charter was local, and not one for a three-judge court; and this Court in 1967, did address vote dilution and dismissed Lincoln for failure to prosecute. Moody v. Flowers, ante, p. 387 U. S. 97, followed. P. 387 U.S. 114. Dusch v. Davis, 387 U.S. 112, May 22, 1967. See Lincoln v. City of Virginia Beach, No. 2:97cv756(E.D. V.A. Dec. 29, 1997).

Wherefore, the Plaintiff prays this Honorable Court grant this request for a Preliminary Injunction and any other such relief deemed just and fair in the above-style case.

I ASK FOR THIS,

_____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757)348-0456

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2018, a true copy of the foregoing was mailed to Mark D. Stiles and Gerald L. Harris Counsel for defendants, City Attorney Office of the City Attorney 2401 Courthouse Dr Building 1 Virginia Beach, Virginia 23456.(757)385-5687 mstiles@vbgov.com

Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757)348-0456