IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



LATASHA HOLLOWAY,

        plaintiff,

vs.                ACTION NO. 2:18-cv-69 AWA-RJK

CITY OF VIRGINIA BEACH, VIRGINIA,

        defendants.

## MOTION TO RECONSIDER APPOINTTMENT OF COUNSEL

I am the plaintiff in this case and am currently not represented by counsel. I believe that I am unable to proceed with my complex vote dilution claim in this case without the effective assistance of counsel. I believe I qualify for the appointment of counsel under 28 U.S.C. §1915 (d)(e)(1).

Under the court's [FRCP] 28 U.S.C. §1915 (d)(e)(1), this court may enter an Appointment Order authorizing appointment or assignment of counsel when the following considerations weigh in favor of appointment:

---

1. Minority voters do not have to prove that the electoral system was created or is maintained for a discriminatory purpose. Congress intended that a violation could be proved by showing discriminatory effect alone. Gingles, 478 U.S. at 35, 43-44, 106 S. Ct. at 2758, 2762-63.

(1) On November 20, 2017, Holloway filed a complex vote dilution and discrimination complaint against against the Virginia Beach City Council, alleging that the City's at-large system dilutes or minimizes "minority voting strength" that deprives plaintiff and others similarly situated an equal opportunity to elect candidates of their choice in violation of Section 2 of the Voting Rights Act of 1965, as amended 42 U.S.C. § 1973 et. seq., 42 U.S.C. § 1983, the Fourteenth and Fifteenth Amendments to the United States Constitution through adoption in the 1906-1962 city charter of the at-large elections scheme as a means to promote racially discriminatory objectives.

(2) The plaintiff has requested this Court certify the case as a class action and has suffered the same alleged injuries as the proposed class.

(3) The allegations are assumed to be true for the purposes of certification since the trial has not started and the defendants are responsible for causing the harm that was suffered by members of the "class"

using at-large elections in violation of the Voting Rights Act of 1965, as amended 42 U.S.C. §1973, 42 U.S.C. §1983 and of the Fourteenth and Fifteenth Amendments to the United States Constitution while acting under color of state law. <u>Bell Atl. Corp. V. Twombly</u>, 550 U.S. 544, 570 (2007).

(4) the class can be defined clearly enough to determine who is and is not a member.

(5) the number of class members makes joining all of them to the lawsuit impractical.

(6) a common set of facts or legal interest underlies all of the members' alleged injuries.

(7) Plaintiff's claims are so similar to the class members that litigating the representative plaintiff's case will adequately decide the absent class members' cases.

(8) a class action is the best and most efficient way of resolving the claims, either for the plaintiff or for the defendants.

(9) Class actions and vote dilution cases are very complex as here, and plaintiff challenges heavily financed defendants, and very skilled attorneys that are conducting their defense.

(10) the plaintiff has diligently made a reasonable good faith effort to secure representation from the private attorneys in Virginia Beach without success.

(11) The appointment of counsel is justified to assist in the preparation of responsive pleadings, affidavits, briefs, discovery, amendments, etc., that exceptional circumstances exist in this meritorious case involving particularly complex factual or legal issues that legal assistance is necessary in the interest justice for the fair presentation of a proper case to the Court, will be served by appointment of counsel. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). *Ferrer v. Garasimowicz*, No. 1:13cv797, 2013 U.S. Dist. LEXIS 139939, at *3 (E.D. Va. Sept. 27, 2013).

(12) The plaintiff suffers from cognitive impairment, cares for her special needs children and a parent which suffers from intellectual disability and depression, hinders her ability to prosecute this complex case.

(13) I am aware that I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case authorized under 28 U.S.C. § 1915 (d)(e)(1).

(14) The plaintiff believes she will likely succeed on the merits of the case if granted appointment of counsel for good cause shown and as a matter of Law.

(15) The plaintiff and defendants will not be prejudiced by granting motion and all other legal defenses not specifically stated herein in support.

Respectfully submitted,

_____
Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2018, a true copy of the foregoing was mailed to Mark D. Stiles and Gerald L. Harris Counsel for defendants, City Attorney Office of the City Attorney 2401 Courthouse Dr Building 1 Virginia Beach, Virginia 23456. (757)385-5687 mstiles@vbgov.com

Ms. Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453
(757) 348-0456