# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **Latasha Holloway, pro se,**     **Plaintiff,**  v.  **City of Virginia Beach,**     **Defendant.** | **Civil Action No. 2:18-CV-69** |

### CITY OF VIRGINIA BEACH'S BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION TO CERTIFY CASE AS A CLASS

COMES NOW Defendant City of Virginia Beach ("City"), by counsel, and for its Brief in Opposition to Plaintiff Latasha Holloway's ("Plaintiff") Motion to Certify Case as a Class ("Plaintiff's Motion"), states as follows:

### Procedural History and Factual Background

Plaintiff, appearing *pro se*, claims that the at-large election system used to elect the members of the Virginia Beach City Council "unlawfully dilut[es] or minimiz[es] 'minority voting strength,'" and violates certain statutory and constitutional rights. (Compl. at 2, ECF No. 5). Plaintiff has also filed a series of other motions, including three motions for appointment of counsel, the first two of which were denied without prejudice. (Mot. to Appoint Counsel, ECF No. 2; Renewed Mot. to Appoint Counsel, ECF No. 24; Motion to Reconsider Appointment of Counsel, ECF No. 37). The City filed a Motion to Dismiss on April 10, 2018. (Mot to Dismiss, ECF No. 13). Thereafter, on April 12, 2018, the Court stayed this action "pending the resolution of Plaintiff's appeal to the Fourth Circuit." (Order at 2, ECF No. 18).

The Fourth Circuit dismissed Plaintiffs appeal for lack of jurisdiction on April 24, 2018,

and issued its mandate on May 16, 2018. (Op., ECF No. 19; Mandate, ECF No. 21). With Plaintiff's appeal resolved, this Court entered an Order on May 21, 2018, that (i) lifted the previously imposed stay, and (ii) established a briefing schedule for the City's Motion to Dismiss. (Order, ECF No. 22).

On May 22, 2018, Plaintiff filed a Motion for Extension in which she requested "additional time" to respond to the City's Motion to Dismiss. (Mot. for Extension at 2, ECF No. 23). Plaintiff sought the "additional time" to enable her to "retain legal counsel." This Motion for Extension was granted on June 5, 2018. (Order, ECF No. 25). Notwithstanding her request for extra time, Plaintiff filed her response to the City's Motion to Dismiss on the same day her Motion for Extension was granted, June 5, 2018, and had not retained counsel. (Response to Mot. to Dismiss, ECF No. 26). On June 7, 2018, Plaintiff filed an Affidavit that purports to lend support to her Response to the City's Motion to Dismiss. (Affidavit, ECF No. 27).

While the City's Motion to Dismiss was pending, Plaintiff moved for leave to amend her Complaint to "join additional parties defendants, because complete relief cannot be accorded among those named defendants without joinder" and to "include additional causes of action, or requests for relief, or to name additional parties as defendants to the action, or to cure any deficiency in their causes of action." (Mot. for Leave, ECF No. 29, pg. 1-2). The City opposed the filing of the proposed Amended Complaint (Amend. Comp., ECF No. 29, pp 16-27) because it is futile and contrary to the ends of justice. (Opposition to Mot. for Leave, ECF No. 31). The Plaintiff's Motion for Leave to File an Amended Complaint is pending.

Since the filing of the City's Response in Opposition to the Plaintiff's Motion for Leave to File an Amended Complaint, the Plaintiff has filed four additional motions: (1) a second

Motion for Enlargement of Time, (2) a Motion to Certify Case as a Class, (3) a Motion to Request Preliminary Injunction and (4) a Motion to Reconsider Appointment of Counsel. (See ECF Nos. 33-37).

Plaintiff's Motion to Certify Case as a Class is improper and premature and the City urges this Court to deny the motion forthwith.

## Argument

### I. Plaintiff's Motion to Certify Case as a Class is Improper and/or Premature Where the Plaintiff's Motion for Leave to File a Proposed Amended Complaint Has Not Been Granted.

Plaintiff's present motion seeks to certify this case as a class action lawsuit. (Mot. to Certify Case as Class, ECF No. 34). The first indication that Plaintiff hoped to convert this matter from a single-plaintiff claim to a class action occurred when she filed her Motion for Leave to File an Amended Complaint. (Mot. for Leave, ECF No. 28). The proposed Amended Complaint that was attached to her motion included language that purports to transform the case in to a class action lawsuit. (Id. at pg. 17, ¶ 4) (making a claim on "behalf of all African American citizens and African American registered voters of the City of Virginia Beach"). The City opposes the Motion for Leave to File the proposed Amended Complaint. (See Opposition to Mot. for Leave, ECF No. 31). Plaintiff's Motion for Leave to File an Amended Complaint is pending and Plaintiff's original Complaint still governs this matter.[1] (Mot. for Leave, ECF No. 28). Therefore, Plaintiff's request to certify this case as a class action should relate to the original Complaint; however, Plaintiff's motion does not make it clear whether her motion

---

[1] Plaintiff's original Complaint is also subject to the City's pending Motion to Dismiss for failure to state a claim upon which relief can be granted. The City prays the Court will issue its ruling granting that motion to dismiss for all the reasons fully set forth on brief by the City. (See Motion to Dismiss, ECF No. 13; Memorandum of Law in Support of Motion to Dismiss, ECF Nos. 14; Reply to Plaintiff's Brief in Opposition to the City's Motion to Dismiss, ECF No. 30).

relates to the original Complaint or the proposed Amended Complaint. In either case, the motion should be denied.

The original Complaint was brought on behalf of the Plaintiff only and it does not indicate that this case was brought as a class action lawsuit. In fact, Plaintiff's filing of a proposed Amended Complaint to include a class action component confirms this fact by implication. If Plaintiff now seeks a class certification based on her original Complaint, the motion should be denied as improper because the face of the original Complaint contains no basis for such a motion. On the other hand, to the extent Plaintiff's Motion to Certify the Case as a Class is premised on the additional class action language in the proposed Amended Complaint, Plaintiff's motion is premature because the Court has not ruled on the Motion for Leave to File an Amended Complaint.

The argument presented herein is not intended to be an invitation by the City to the Court to grant Plaintiff's Motion for Leave to File an Amended Complaint. The City still opposes the filing of the Amended Complaint for the reasons stated on brief. (See Opposition to Mot. for Leave, ECF No. 31). Instead, the City offers this point only to illustrative that the Plaintiff's present motion is procedurally premature and should not be considered when the Plaintiff's Amended Complaint has not been accepted by the Court.

## Conclusion

For all the reasons set forth herein, Defendant City of Virginia Beach respectfully asks this Court to deny Plaintiff's Motion to Certify Case as a Class as improper and/or premature.

Respectfully Submitted,

**CITY OF VIRGINIA BEACH**

By:_____/s/_____
Of Counsel

5

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
*Attorneys for the City of Virginia Beach*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 10th day of July, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Latasha Holloway is a non-filing user of the CM/ECF system. No other parties require notice.


/s/
Gerald L. Harris

And I hereby further certify that on this same date I have mailed the foregoing document along with a copy of the NEF to the following non-filing user:

Latasha Holloway
3683 Windmill Drive,
Virginia Beach, Virginia 23453
(757) 348-0456


/s/
Gerald L. Harris

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
*Attorneys for the City of Virginia Beach*
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com