# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **Latasha Holloway, pro se,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 2:18-CV-69 |
| **City of Virginia Beach,** | |
| **Defendant.** | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant City of Virginia Beach, by counsel, and for its Memorandum in Opposition to the Plaintiff's Motion to Request a Preliminary Injunction, states as follows:

### Procedural Background

On February 12, 2018, Plaintiff Latasha Holloway filed the present suit against the City of Virginia Beach ("City"). On April 10, 2018, the City answered by filing a Motion to Dismiss for Failure to State a Claim, which is still pending. Plaintiff's "Motion to Request a Preliminary Injunction" is one of numerous motions Plaintiff has filed without having first received a disposition of the City's Motion to Dismiss. Among the Plaintiff's other currently pending motions are her Motion for Leave to File an Amended Complaint and Join Additional Parties Defendants (filed June 11, 2018); Plaintiff's Motion to Certify Case as a Class (filed June 28, 2018); Plaintiff's second Motion for Enlargement of Time to Respond to Defendant (filed June 28, 2018); and Plaintiff's third Motion to Reconsider Appointment of Counsel (filed July 5, 2018).

## **Applicable Law**

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3rd Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).

A plaintiff seeking a preliminary injunction has the evidentiary burden of satisfying four prerequisites: (1) that she is likely to succeed on the merits of the case, (2) that she is likely to suffer irreparable harm in the absence of the requested preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction serves the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365 (2008).

The purpose of preliminary injunctive relief in most cases is to "preserve the status quo pending a final trial on the merits." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422, (4th Cir. 1999); *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) ("A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit"). The United States Court of Appeals for the Fourth Circuit has defined "status quo"—in the context of requests for preliminary injunctive relief—as the "last uncontested status between the parties which preceded the controversy." *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (quoting *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 378 (4th Cir. 2012)).

Those preliminary injunctions that extend beyond maintaining the status quo are termed "mandatory" injunctions. *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 526 (4th Cir. 2003). Because such an injunction constitutes an

even more drastic type of relief, the Fourth Circuit has held that a heightened standard is appropriate in such cases:

> 'Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.' *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm *in a deteriorating circumstance* created by the defendant *and to preserve the court's ability to enter ultimate relief on the merits* of the same kind.

*Id.* (emphases added).

## Argument

In the instant action, Plaintiff cannot satisfy its heighten burden to prove the four required conditions necessary to warrant the extraordinary relief of a preliminary injunction, as established by the Supreme Court of the United States in *Winter*. 129 S. Ct. 365 (2008).

First, Plaintiff is not likely to succeed on the merits of her case. The City has chronicled the deficiencies of the Complaint in its Memorandum in Support of Motion to Dismiss for Failure to State a Claim, ECF No. 14, and in its Reply to Plaintiff's Response to Motion to Dismiss for Failure to State a Claim, ECF No. 30. For the reasons stated in those briefs, the City maintains that not only is Plaintiff unlikely to succeed on the merits, her Complaint fails to plausibly state any claim upon which relief can be granted. Without reciting each of the arguments the City has already advanced, it suffices to point out that Plaintiff has wholly failed to establish that African Americans are a group both sufficiently large and geographically compact to constitute a majority in a single-member district within the City of Virginia Beach—which is but one of three *preconditions* that must be satisfied before a fact-intensive 'totality-of-the-circumstances' inquiry is undertaken. *Thornburg v. Gingles*, 478 U.S. 30, 50 (1986).

Second, Plaintiff cannot reasonably claim that the Court's enjoining the City from holding elections will prevent her from suffering irreparable harm. Postponing the election scheduled for November 6, 2018, would merely freeze in place current office holders—namely the mayor and other councilmembers—who were, per Plaintiff's conclusory allegations, elected by an "at-large election voting scheme [that] constitutes an illegal vote dilution device." Memorandum of Law in Support of Motion to Request a Preliminary Injunction at 3, ECF No. 35. Plaintiff's requested injunction would, ironically, extinguish any possibility that an African American might prevail at the ballot box this November and thereby replace a non-African American council member whose tenure would be extended by the injunction Plaintiff seeks. Furthermore, in the absence of the requested injunction, the remedy Plaintiff seeks will still be available to her at the conclusion of this litigation.

Third, the equities do not favor granting Plaintiff's request for preliminary relief. As discussed, the practical effect of such relief would in no way remedy the alleged harm of which the Plaintiff complains. The City, meanwhile, would incur a heavy burden and untold expense were it required to delay an already scheduled election.

Finally, the public interest would not be served by the suspension of the democratic process that Plaintiff requests.

In addition, because Plaintiff's Motion to Request a Preliminary Injunction seeks relief that goes far beyond preserving the status quo[1], the heightened standard articulated by the Fourth

---

[1] Plaintiff's requested injunction might appear to preserve the "status quo" because enjoining the City from conducting elections would freeze in place present office holders. However, as the City explains elsewhere, this is not a status quo that remediates prior harms or restores an "uncontested status between the parties which preceded the controversy." *Pashby v. Delia*, 709 F.3d 307, 320, (4th Cir. 2013).

Circuit Court of Appeals in *Sun Microsystems, Inc.* applies. 333 F.3d 517 (4th Cir. 2003). Because the election system challenged by the Plaintiff has long been in place, there is not present a "deteriorating circumstance" to mitigate against; nor is an injunction required to "preserve the court's ability to enter ultimate relief on the merits." *Id.* at 526.

In sum, the preliminary injunctive relief Plaintiff seeks is futile with respect to advancing her interests and, in any case, wholly inappropriate in the present context.

## Conclusion

Relying on the arguments set forth herein, Defendant City of Virginia Beach respectfully asks this Court to deny Plaintiff's Motion to Request a Preliminary Injunction.

CITY OF VIRGINIA BEACH

By:_____/s/_____
         Of Counsel

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
Attorneys for the City of Virginia Beach
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Latasha Holloway is a non-filing user of the CM/ECF system. No other parties require notice.

/s/
Joseph M. Kurt

And I hereby further certify that on this same date I have mailed the foregoing document along with a copy of the NEF to the following non-filing user:

Latasha Holloway
3683 Windmill Drive
Virginia Beach, Virginia 23453

/s/
Joseph M. Kurt

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
Attorneys for the City of Virginia Beach
Office of the City Attorney
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-8803 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com