IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LATASHA HOLLOWAY
and
GEORGIA ALLEN,

          Plaintiffs,

v.                                  Civil Action No.: 2:18-CV-00069

CITY OF VIRGINIA BEACH, et al.,

          Defendants.

## CONSENT PROTECTIVE ORDER

This matter is before the Court on a joint motion for entry of a Consent Protective Order by the parties, by counsel, in regard to records, documents, data and materials containing certain protected voter information (VOTER MATERIALS) Defendants have sought via Subpoena Duces Tecum (attached as "Exhibit 1") from the Commonwealth of Virginia's Department of Elections (the Department). The Court is further advised that counsel for the Parties, as well as counsel for the Department, all agree to the instant joint motion and Consent Protective Order. Counsel for each party and the Department have affixed their endorsements to this Order indicating their agreement. Upon due consideration of the Joint Motion, it is

1.      ORDERED that the Joint Motion for the entry of a Consent Protective Order be, and it is hereby, GRANTED in accordance with the Federal Rules of Civil Procedure and Local Rule 5 of the United States District Court for the Eastern District of Virginia.

2.      The Department is ORDERED to provide copies of the VOTER MATERIALS sought in the Subpoena Duces Tecum to the Defendants and to the Plaintiffs.

3.      It is further ordered that all such VOTER MATERIALS shall be considered

1

CONFIDENTIAL/ATTORNEY'S EYES ONLY MATERIAL and that NO PERSON shall disclose the VOTER MATERIALS to any person other than: (i) the attorneys of record in this matter and those attorneys' support staff, employees or vendors who perform work tasks related to this case; (ii) disclosed experts or consulting experts and their staff employed for this litigation (Experts); and (iii) court reporters or court personnel, solely in the context of deposition of experts or trial.

4. No person shall disclose the VOTER MATERIALS to any Experts unless he or she has executed a written, dated declaration in the form attached as Exhibit 2, acknowledging that he or she has first read this Order, agrees to be bound by its terms, agreed not to reveal such VOTER MATERIALS to anyone, and agreed to utilize such VOTER MATERIALS solely for the purposes of this litigation. No person receiving or reviewing VOTER MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 2 for the purposes specified, and in no event shall such person make any other such use of VOTER MATERIALS.

5. Any Party seeking to file VOTER MATERIALS with the Court must contact undersigned counsel for the Department at least five (5) calendar days prior to such filing to: (i) provide the Department with notice that it seeks to file VOTER MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the VOTER MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version the Party seeking to file such VOTER MATERIALS shall file such in accordance with Local Rule 5. The parties shall work together in good faith to coordinate the filing of all motions and materials covered by this paragraph to permit compliance with the Local Rules and this Order.

6.    Excluding pleadings and documents filed with Court, within sixty (60) days after the conclusion of this case, upon written request, the Parties shall assemble and return to the Department all VOTER MATERIALS (with the exception of pleadings or other documents filed with the Court, which the Receiving Party may retain but shall continue to treat as CONFIDENTIAL/ATTORNEYS EYES ONLY MATERIAL, unless otherwise designated by the Court). The Receiving Party may elect to destroy such materials rather than return them in which case the Receiving Party shall provide written verification that the materials have been destroyed.

7.    This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all Parties and other persons bound hereby for the purposes of enforcing this Order.   Each individual signing the acknowledgement attached as Exhibit 2 agrees to be subject to the jurisdiction of this Court for the purposes of this Order.

Date _Aug. 7, 2019_
At Norfolk, Virginia

Robert J. Krask
United States Magistrate Judge

Endorsements for Consent Protective Order on Joint Motion:

We ask for this:

Christopher S. Boynton, Esquire   VSB 38501
Gerald L. Harris, Esquire
Office of the City Attorney
Counsel for Defendants

3

Gerald Hebert, Esquire
Danielle Lang, Esquire
Campaign Legal Center
Counsel for Plaintiffs


Heather Hays Lockerman, Esquire (VSB # 65535)
Senior Assistant Attorney General/Section Chief
Office of the Attorney General of Virginia
900 East Main Street
Richmond, Virginia 23219
Telephone:  (804) 786-2071
Facsimile:  (804) 692-1647
hlockerman@oag.state.va.us
Counsel to the Virginia Department of Elections

4

Gerald Hebert, Esquire
Danielle Lang, Esquire
Campaign Legal Center
Counsel for Plaintiffs


Heather Hays Lockerman, Esquire (VSB # 65535)
Senior Assistant Attorney General/Section Chief
Office of the Attorney General of Virginia
900 East Main Street
Richmond, Virginia 23219
Telephone:  (804) 786-2071
Facsimile:  (804) 692-1647
hlockerman@oag.state.va.us
Counsel to the Virginia Department of Elections

4

Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LATASHA HOLLOWAY**
**and**
**GEORGIA ALLEN,**

         **Plaintiffs,**

v.                                       **Civil Action No.: 2:18-CV-00069**

**CITY OF VIRGINIA BEACH, et al.,**

         **Defendants.**

**DECLARATION OF _____**
**UNDER STIPULATED PROTECTIVE ORDER**

    I, _____, being duly sworn, declare as follows:

1.     My business address is _____.

2.     My present employer is _____.

3.     My present occupation is _____.

4.     I hereby acknowledge that (i) I have been given a copy of the Consent

Protective Order ("Protective Order") in the above referenced case; (ii) I carefully read the

Protective Order; and (iii) I understand and am familiar with the terms of the Protective

Order.

5.     I will comply with all the provisions of the Protective Order. I will hold all

Voter Materials disclosed to me, including the substance and any copy, summary abstract,

excerpt, index or description, in confidence, and will not disclose such material to anyone not

qualified under the Protective Order. I will not use any Voter Material disclosed to me for

any purposes other than this case.

1

6.	I will destroy all Voter Material that comes into my possession and all documents and things that contain personal identifying information obtained from the Voter Material or return such material to counsel for the party by whom I am retained or employed, or from whom I have received such material.

7.	I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury on _____ that the foregoing is true and correct.


_____

2