IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **Latasha Holloway, et al.,**  **Plaintiffs,**  v.  **City of Virginia Beach, et al.,**  **Defendants.** | Civil Action No. 2:18-cv-0069 |

**Defendants' Memorandum of Law in Support of Motion for Summary Judgment**

# EXHIBIT NINE
Plaintiffs' Meet and Confer Letter Dated July 30, 2019



July 30, 2019

*Via electronic mail*

Dear Mr. Harris,

Thank you for your letter dated July 18, 2019 continuing the meet and confer process regarding Plaintiffs' responses to Defendants' propounded discovery. We supplement Plaintiffs' responses as follows:

## I.   Supplemental Responses to Interrogatories Nos. 1, 4, 5, 6, 8, 9, 10

**INTERROGATORY NO. 1:**

Identify all persons with knowledge of the facts, allegations, and claims set forth in your Amended Complaint, whether pertaining to any count or cause of action, issues of liability, injury, damages, or remedies. For each person identified in response to this Interrogatory, state the person's full name, address, telephone number(s), and a brief description of the subject matter of the information known by that person as explained in the instructions listed above. <u>Any non- expert witness not identified in response to this interrogatory will be objected to at trial</u>.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their prior objections and responses to this interrogatory, served on June 13, 2019. Plaintiffs identify the following additional persons with knowledge of the facts, allegations, and set forth in their Amended Complaint:

Edna Hawkins-Hendrix, Telephone 757.717.7284; Gary McCollum; James Allen; Carl Wright, Telephone: 757.235.5596; John Bell, Telephone: 757.416.2490; Seko Varner, Telephone: 757.404.3743; and Elizabeth Mills, Telephone: 757.831.7362. Plaintiffs believe that said individuals are expected to have information related to Plaintiffs' claims including their experiences with political participation in Virginia Beach, their experiences of governmental responsiveness to the minority community in Virginia Beach, and their inability to elect their candidates of choice under the current at-large system.

**INTERROGATORY 4:**

Describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contention in Paragraph 56 of the Amended Complaint that "[b]ecause [Tanya] Bullock had so little cross-over support from white voters, she was defeated" in the 2010 City Council race.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs refer Defendants to page 26 of Dr. Spencer's report. In particular, he notes:

> The 2010 election for the Princess Anne seat provides strong evidence of coalitional voting, minority vote cohesion, and oppositional white bloc voting. Tanya Bullock, a black female, was defeated despite overwhelming support among black and other minority voters (80%). White voters strongly preferred the incumbent Barbara Henley, a white female, by a margin of 2-to-1. The voting pattern in the right panel illustrates that as the minority population increases, support for Bullock substantially increases among all minority voters, while white voter support cuts strongly in the opposite direction.

Plaintiffs intend to rely upon Dr. Spencer's report (including all figures referring to this election), Dr. Spencer's testimony, and the underlying data Dr. Spencer produced with his report to support this contention. Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

**INTERROGATORY 5:**

Describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contentions in Paragraph 63 of the Amended Complaint that "in the 2008 at-large election between Harry Diezel . . . Andrew Jackson . . . and Jose Flores . . . Black voters did not support the incumbent, but split their votes between Jackson and Flores. Asian and Hispanic voters voted similarly."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs refer Defendants to page 28 of Dr. Spencer's report. In particular, he notes:

> The 2008 election for the Kempsville provides evidence of minority cohesion, and oppositional white bloc voting. The race featured three candidates: Harry Diezel (white male incumbent), Andrew Jackson (black challenger), and Jose Flores (black Hispanic challenger). Black voters did not support the white incumbent Diezel, but almost unanimously supported

>Jackson or Flores. White voters, on the other hand, strongly supported Diezel. Jackson won 27% and Flores won 24% of the vote for a combined total of 51%.

Plaintiffs intend to rely upon Dr. Spencer's report (including all figures referring to this election), Dr. Spencer's testimony, and the underlying data Dr. Spencer produced with his report to support this contention. Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

**INTERROGATORY 6:**

Describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contention in Paragraph 70 of the Amended Complaint that "Minority Voters as a whole voted similarly to Black voters in these exogenous elections [reference in **,r,r** 68 and 69 of the Amended Complaint]."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs refer Defendants to pages 30-31 of Dr. Spencer's report. In particular, he notes:

>Figure 12: Presidential election returns for precincts in Virginia Beach. Minority voters strongly preferred Obama over both John McCain and Mitt Romney, with an estimated 90% support. White voters strongly preferred McCain and Romney (65% support) over Obama (35% support). Overall, Virginia Beach went for McCain in 2008 (49.7% to 48.9%) and for Romney in 2012 (50.3% to 47.8%).

>Figure 13: Precinct-level election returns for the February 2008 presidential primary. Virginia's primary elections are open to all voters, so election returns are not necessarily restricted to Democratic voters. All voters in Virginia Beach preferred Obama to Clinton (he captured 65% of the vote), but support for Obama was much stronger among minority voters. In short, even controlling for party label there is evidence of racially polarized voting in Virginia Beach.

>Figure 14: The 2016 congressional election provides evidence of racial coalitional voting, minority cohesion, and oppositional white bloc voting. Minority voters strongly preferred Shaun Brown (black female) over Scott Taylor (white male). On the other hand white voters strongly supported Taylor over Brown. Despite being the candidate of choice for black and other minority voters in Virginia Beach, Brown earned just 36.6% of the city's overall votes compared to 63.3% for Taylor.

3

Plaintiffs intend to rely upon Dr. Spencer's report (including all figures referring to these elections), Dr. Spencer's testimony, and the underlying data Dr. Spencer produced with his report to support this contention. Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

**INTERROGATORY NO. 8:**

Identify each individual who you contend to be the Black community's candidate or candidates of choice in each Virginia Beach ("City") City Council Election from January 1, 2010, to the present, and describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contentions.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate their prior objections and responses to this interrogatory, served on June 13, 2019.

Dr. Spencer's expert report "Racially Polarized Voting in Virginia Beach" (submitted to Defendants on July 15, 2019) uses statistical analysis to demonstrate which Virginia Beach city council candidates were preferred by the black community. According to Dr. Spencer's report, the black community's candidate of choice in the 2010 at-large race was Jackson, in the Bayside race was Jones, and in the Princess Anne race was Bullock. In the 2011 special election, the candidate of choice for the Black community in the at-large race was Sherrod. In the 2012 election, the candidate of choice for the Black community in the Kempsville race was Ross-Hammond. In the 2014 election, the candidate of choice for the Black community in the at-large race was Davenport, in the Rose Hall race was Cabiness, and in the Princess Anne race was Henley. In the 2016 election, the candidate of choice for the Black community in the mayoral race was Sessoms, and in the Kempsville race was Ross-Hammond. In the 2018 election, the candidates of choice for the Black community in the at-large race were Rouse and White, and in the Centerville race was Wooten.

Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

**INTERROGATORY NO. 9:**

Identify each individual who you believe was the Asian community's candidate or candidates of choice in each City Council Election from January 1, 2010, to the present, and describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contentions.

4

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate their prior objections and responses to this interrogatory, served on June 13, 2019.

Dr. Spencer's expert report "Racially Polarized Voting in Virginia Beach" (submitted to Defendants on July 15, 2019) uses statistical analysis to demonstrate which Virginia Beach city council candidates were preferred by the Asian, Black, and Hispanic communities. According to Dr. Spencer's report, the candidate of choice for the combined Asian, Black, and Hispanic communities in the 2010 at-large election was Jackson, in the Bayside race was Jones, and in the Princess Anne race was Bullock. In the 2011 special election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the at-large race was Sherrod. In the 2012 election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the Kempsville race was Ross-Hammond. In the 2014 election, the candidate of choice for combined Asian, Black, and Hispanic communities in the Rose Hall race was Cabiness, and in the Princess Anne race was Henley. In the 2016 election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the mayoral race was Sessoms, and in the Kempsville race was Ross-Hammond. In the 2018 election, the candidates of choice for the Asian, Black, and Hispanic communities in the at-large race were Rouse and White, and in the Centerville race was Wooten.

Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

**INTERROGATORY NO. 10:**

Identify each individual who you believe were the Hispanic or Latino community's candidate or candidates of choice in each City Council Election from January 1, 2010, to the present, and describe in detail and with specificity all facts, witnesses, documents, and evidence upon which you will rely to support your contentions.

**ANSWER:**

Dr. Spencer's expert report "Racially Polarized Voting in Virginia Beach" (submitted to Defendants on July 15, 2019) uses statistical analysis to demonstrate which Virginia Beach city council candidates were preferred by the Asian, Black, and Hispanic communities. According to Dr. Spencer's report, the candidate of choice for the combined Asian, Black, and Hispanic communities in the 2010 at-large election was Jackson, in the Bayside race was Jones, and in the Princess Anne race was Bullock. In the 2011 special election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the at-large race was Sherrod. In the 2012 election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the Kempsville race was Ross-Hammond. In the 2014 election, the candidate of choice for the combined Asian, Black, and Hispanic communities in the Rose Hall race was Cabiness, and in the Princess Anne race was Henley. In the 2016 election, the candidate of choice for the combined Asian,

Black, and Hispanic communities in the mayoral race was Sessoms, and in the Kempsville race was Ross-Hammond. In the 2018 election, the candidates of choice for the Asian, Black, and Hispanic communities in the at-large race were Rouse and White, and in the Centerville race was Wooten.

Plaintiffs note that discovery is ongoing and Plaintiffs reserve the right to supplement this response with any additional information identified at a later date.

## II. Supplemental Response to Request for Admission No. 1

**REQUEST FOR ADMISSION NO. 1:**

Admit that your proposed electoral map of Virginia Beach, as shown in Exhibit A to your Amended Complaint, does not comply with the requirement of Virginia Code§ 24.2-307 that each voting precinct shall be wholly contained within any election district used for the election of one or more members of the governing body or school board for the City of Virginia Beach.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION. NO.1:**

Denied as stated. Plaintiffs only admit that the current precincts as drawn are not wholly contained within the election districts in the proposed map in Exhibit A to the Amendment Complaint and the proposed map found in Tony Fairfax's expert report. Plaintiffs do not admit that the proposed map found in Exhibit A or the proposed map found in Tony Fairfax's expert report would violate Virginia Code § 24.2-307 if implemented because the precinct lines can lawfully be redrawn.

## III. Attorney Client Privilege and Work-Product

Plaintiffs' counsel have identified one document that has been withheld pursuant to attorney-client privilege and attorney work product that pre-dates this litigation and therefore falls outside the scope of the category of documents previously identified. That document is a July 17, 2017 memo from Ruth Greenwood, an attorney in our office to Gary McCollum. The memo is a privileged attorney-client communication and includes attorney work product and therefore is withheld.

We believe the foregoing supplemental responses should satisfy the concerns outlined in your July 18 letter. Please let us know if that is not the case so that we can discuss further.

Best,

/s/ Danielle Lang
Campaign Legal Center
1101 14th St. NW Suite 400 Washington, DC
20005 202.856.7911
dlang@campaignlegalcenter.org