IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Latasha Holloway, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Virginia Beach, et al., <br><br> Defendants. | Civil Action No. 2:18-cv-0069 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR CERTIFICATION OF APPEALABILITY**

COME NOW the Defendants, by counsel, and in support of their motion for the Court to certify an appeal on a controlling question of law pursuant to 28 U.S.C. § 1292(b)—either by entry of a new Order or by amending its prior Order to include a certification as prescribed by 28 U.S.C. § 1292(b)—state as follows:

**Procedural History and Factual Background**

On November 20, 2017, Plaintiff Latasha Holloway filed, *pro se*, her original Complaint against the City of Virginia Beach ("City"), alleging that the City's at-large system of electing councilmembers and its mayor diluted the voting power of African Americans in the City in violation of Section 2 of the Voting Rights Act of 1965.  (ECF No. 5.)  In response, on April 10, 2018, the City filed a motion to dismiss for failure to state a claim. (ECF No. 13.)

After having retained the representation of the Campaign Legal Center, and joined by co-Plaintiff Georgia Allen, Plaintiffs filed an Amended Complaint on November 13, 2018—one week after the City's most recent councilmanic elections.  The Amended Complaint altered the legal theory of Plaintiffs' claim, now basing their Section 2 vote dilution claim on an alleged

1

cohesive tri-minority coalition of Black, Asian, and Hispanic voters.  All discovery deadlines passed, and Defendants moved for summary judgment.  As part of the Defendants' Motion for Summary Judgment, the Defendants contended that coalition-based claims are not cognizable, as a matter of law, under Section 2 of the Voting Rights Act.  On March 11, 2020, the Court denied the Defendants' Motion for Summary Judgment stating "[t]he Court finds that there exists a genuine dispute as to material facts and therefore Defendants are not entitled to judgment as a matter of law" and found Plaintiffs' tri-minority coalition claim under Section 2 of the Voting Rights Act ripe for adjudication following a new Rule 16(b) Conference.  (ECF No. 126.)

Defendants now move for a limited certification of appealability of Court's March 11, 2020 Order, pursuant to 28 U.S.C. § 1291(b), as to whether a Section 2 vote dilution claim predicated upon an alleged cohesive coalition of minority groups is legally cognizable.

### Legal Standard for Certification of Interlocutory Appeal

The Court's certification of an appeal is a necessary precondition to Defendants' requested appeal because the Order is neither a "final decision" under 28 U.S.C. § 1291 nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a).  Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The decision to permit an interlocutory appeal under § 1292(b) is within a district court's discretion.  See, e.g., Swint v.Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995).

To qualify for appeal under § 1292(b), an interlocutory order must state that the issue certified for appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that the elements are met). If the original order from which appeal is sought does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"). If this Court certifies the issue for interlocutory appeal, Defendants intend to petition the Fourth Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b). Defendants are not requesting to stay the case or delay the trial in this matter, however. Accordingly, the appeal and the trial could move forward on parallel tracks.

## Argument

I. **This Court's March 11, 2020 Order denying summary judgment is proper for certification for interlocutory review pursuant to 28 U.S.C. 1292(b) as to the pure question of law regarding whether a claim predicated upon an alleged multiracial coalition, of the kind asserted by Plaintiffs, is cognizable under Section 2 of the Voting Rights Act.**

This Court denied the Defendants' Motion for Summary Judgment on the basis that "there exists a genuine dispute as to material facts and therefore Defendants are not entitled to judgment as a matter of law." (ECF No. 126.) However, there is no dispute amongst the parties that Plaintiffs' Section 2 claim is premised upon the alleged cohesion of three distinct minority groups –Black, Hispanic, and Asian voters–in Virginia Beach. Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment expressly states that Plaintiffs do not dispute this fact:

> Plaintiffs' Amended Complaint asserts a vote dilution claim under Section 2 of the Voting Rights Act of 1965, seeking to replace the present seven residence

3

>district, all at-large voting system of electing council members "with a system in which Black, Hispanic or Latino, and Asian American voters are together able to elect their preferred candidates of choice to the City Council."

(ECF No. 118, p. 1 ("Plaintiffs do not dispute Fact[] 1… in Defendants' statement of material facts")); See also (ECF No. 62, Am. Compl. ¶¶ 1, 8, 48, 53, 55.)  All of Plaintiffs' claims, factual allegations, expert opinions and arguments in this matter are premised upon the existence of this tri-partite coalition of minorities.  Plaintiffs cannot satisfy their burden to prove the three "necessary preconditions" established by *Gingles v. Thornburg* without relying upon this tri-partite coalition of minorities and they have not attempted to do so.  See Thornburg v. Gingles, 478 U.S. 30 (1986).  Therefore, for the Plaintiffs' claim to be viable as a matter of law, the preliminary question of law regarding whether tri-minority coalition claims may serve as the basis of a Section 2 claim must be resolved in Plaintiffs' favor.  If the Fourth Circuit answers that question in the negative, the predicate for Plaintiffs' claim is removed, obviating the need for any additional litigation.  Furthermore, there are no disputed facts that would assist the Court of Appeals in answering the question of whether tri-minority coalition claims are cognizable under Section 2.  This is a pure question of law.

   The Fourth Circuit has recognized that "it may be proper to conduct an interlocutory review of an order presenting a pure question of law, i.e., an abstract legal issue that the court of appeals can decide quickly and cleanly." United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340-41 (4th Cir. 2017) (internal citations and quotation marks omitted).  In Defendants' memoranda supporting their Motion for Summary Judgment—in addition to setting forth fact-based arguments as to why Plaintiffs could not possibly satisfy Gingles Prongs 2 and 3—they asserted that, as a matter of law, coalition-based claims are not cognizable under Section 2. (ECF Nos. 115 and 121.)  The Court's March 11, 2020 Order denying summary judgment cites existing

factual disputes and does not contain an explicit ruling on the viability of a tri-minority coalition claim under Section 2. However, any factual disputes between the parties can only be relevant if, as a matter of law, tri-minority cohesive coalition claims are cognizable. Appeal to the Fourth Circuit under § 1292(b) is proper here because this Court's March 11, 2020 Order, denying summary judgment and permitting the Plaintiffs' tri-partite coalition claim under Section 2 to advance to trial, undoubtedly satisfies all three elements set forth in § 1292(b) and can be decided "quickly and cleanly" by the Fourth Circuit.

### A. The Court's March 11, 2019 Order involves a "controlling question of law" regarding the cognizability of coalition claims, and immediate appeal from the Order "may materially advance the ultimate termination of the litigation."

While the first and third elements of a properly certified Order for interlocutory review may not always be satisfied simultaneously, they are so satisfied here. There can be no doubt that the question regarding the viability of coalition claims under Section 2 is a "controlling" legal question and that prompt appellate resolution may "materially advance the ultimate termination of the litigation" by effectively resolving this litigation in Defendants' favor. The Fourth Circuit has stated:

> [T]he text of § 1292(b) requires that resolution of a controlling question of law . . . may materially advance the ultimate termination of the litigation. This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.

In re Trump, 928 F.3d 360, 371 (4th Cir. 2019) (internal citations omitted and quotation marks).

Plaintiffs' vote-dilution claims are premised on the alleged cohesiveness of Black, Hispanic, and Asian voters in Virginia Beach. The permissibility of such a coalition claim is a controlling legal question and an immediate appeal from the Order permitting Plaintiffs' tri-partite coalition claim to go to trial may materially advance the ultimate termination of this litigation. The

5

Fourth Circuit has already cast serious doubt on the cognizability of coalition claims. In *dicta* in Hall v. Virginia, the Fourth Circuit opined that "any construction of Section 2 that authorizes the vote dilution claims of multiracial coalitions would transform the Voting Rights Act from a law that removes disadvantages based on race, into one that creates advantages for political coalitions that are not so defined." 385 F.3d 421, 431 (4th Cir. 2004). The *Hall* Court also cited favorably a Sixth Circuit case that expressly ruled that coalition claims are not cognizable under Section 2. Id. at 430-31 (quoting Nixon v. Kent County 76 F.3d 1381, 1392 (6th Cir. 1996)). If the Fourth Circuit follows Nixon, the alleged factual basis of Plaintiffs' tri-partite coalition claim would evaporate. Plaintiffs would have no basis to proceed any further and this matter would require resolution in Defendants' favor. The legal question presented regarding the viability of coalition claims, such as Plaintiffs' alleged tri-partite coalition in this case, is the quintessential "controlling question of law" that may serve to avoid a trial. No factual issue between the parties has any importance if such multiracial coalition claims are not cognizable under Section 2. Therefore, the first and third elements established by § 1292(b) are undeniably met.

### B. There is a "substantial ground for difference of opinion" concerning the cognizability of coalition claims under Section 2 of the Voting Rights Act.

As to the second element for certification of appealability under § 1292(b), the parties' memoranda filed as part of the Defendants' Motion for Summary Judgment clearly identify the "substantial ground for difference of opinion." (ECF No. 114, Memorandum in Support of Defendants' Motion for Summary Judgment, 10-13; ECF No. 115, Brief in Opposition to Defendants' Motion for Summary Judgment, 7-11.) As indicated therein, Defendants and Plaintiffs agree that (1) the parties have a difference of opinion on this question of law; (2) this

question of law has not been directly addressed by the Fourth Circuit[1]; (3) there is a split amongst the United States Circuit Courts of Appeal that have addressed this question of law regarding coalition claims; and (4) the Supreme Court of the United States has never specifically addressed this question of law. The split amongst the circuits and the lack of a definitive answer from the Supreme Court of the United States makes clear that there is substantial ground for difference of opinion on the question of whether claims predicated upon allegedly cohesive multiracial coalitions are cognizable under Section 2 of the Voting Rights Act. There should be no serious dispute that the second element for certification of appealability pursuant to § 1292(b) is also satisfied.

All three elements set forth in § 1292(b) are clearly established. The question of law presented by Plaintiffs' tri-partite coalition claim under Section 2 of the Voting Rights Act exemplifies the type of dispositive question of law that is proper for certification for appeal to the Fourth Circuit.

WHEREFORE, for all these reasons stated, Defendants respectfully request that the Court certify this matter for an appeal pursuant to 28 U.S.C. § 1292(b)—either by entry of a new Order or by amending its March 11, 2020 Order to include a certification as prescribed by 28 U.S.C. § 1292(b)—with language to the following effect:

(1) This Court finds that its March 11, 2020 Order (ECF No. 126) involves a controlling question of law regarding whether a vote-dilution claim predicated upon an allegedly cohesive multiracial coalition, of the kind asserted by Plaintiffs, is cognizable under Section 2 of the Voting Rights Act.

---

[1] The United States Court of Appeals for the Fourth Circuit in Hall v. Virginia did suggest in *dicta* that multiracial coalition claims are not cognizable under Section 2. 385 F.3d 421, 431 (4th Cir. 2004).

(2) The Court finds that there exists a substantial ground for difference of opinion on this controlling question of law, where (a) the parties have a documented their difference of opinion in their respective memoranda filed as part of Defendants' Motion for Summary Judgment, (b) the Fourth Circuit has not specifically addressed this question of law, (c) there is a split amongst the United States Circuit Courts of Appeal that have addressed this question of law, and (d) the Supreme Court of the United States has not provided a definitive opinion deciding this question of law.

(3) This Court finds that an immediate appeal from the March 11, 2020 Order may materially advance the ultimate termination of the litigation, as it appears Plaintiffs would have no basis to proceed further in this matter if the controlling question of law is resolved in Defendants' favor.

(4) This Court finds this matter is appropriate for immediate appeal pursuant 28 U.S.C. § 1292(b) and this Court's March 11, 2020 Order (ECF No. 126) is hereby certified as appealable.

Defendants further request the Court provide for such other relief as the Court deems necessary or appropriate under the circumstances.

    Respectfully submitted,

    CITY OF VIRGINIA BEACH, et al.

    /s/ Gerald L. Harris
    Attorney for Defendants

    **Mark D. Stiles** (VSB No. 30683)
    City Attorney
    **Christopher S. Boynton** (VSB No. 38501)
    Deputy City Attorney
    **Gerald L. Harris** (VSB No. 80446)

Associate City Attorney
**Joseph M. Kurt** (VSB No. 90854)
Assistant City Attorney
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>**Joseph Gerald Hebert**
>**Danielle Marie Lang**
>**Christopher Lamar**
>**Annabelle Harless**
>**Ruth Merewyn Greenwood**
>Campaign Legal Center
>1411 K Street, NW
>Suite 1400
>Washington, DC 20005
>(202) 736-2200 (telephone)
>(202) 736-2222 (facsimile)
>ghebert@campaignlegal.org
>dlang@campaignlegal.org
>clamar@campaignlegal.org
>aharless@campaignlegal.org
>rgreenwood@campainlegal.org

>_/s/_____
>Gerald L. Harris
>
>**Mark D. Stiles** (VSB No. 30683)
>City Attorney
>**Christopher S. Boynton** (VSB No. 38501)
>Deputy City Attorney
>**Gerald L. Harris** (VSB No. 80446)
>Associate City Attorney
>**Joseph M. Kurt** (VSB No. 90854)
>Assistant City Attorney
>Office of the City Attorney
>Municipal Center, Building One, Room 260
>2401 Courthouse Drive
>Virginia Beach, Virginia 23456
>(757) 385-8803 (Office)
>(757) 385-5687 (Facsimile)
>mstiles@vbgov.com
>cboynton@vbgov.com
>glharris@vbgov.com
>jkurt@vbgov.com
>*Attorneys for Defendants*