**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**LATASHA HOLLOWAY, et al.,**

      **Plaintiffs,**

v.                                                  **CIVIL ACTION NO. 2:18-cv-69**

**CITY OF VIRGINIA BEACH,
VIRGINIA, et al.,**

      **Defendants.**

*MEMORANDUM ORDER*

Before the Court is Defendants' Motion for Certification of Appealability pursuant to 28 U.S.C. § 1292(b). ECF No. 127. On March 19, 2020, Defendants filed a motion and supporting memorandum following the Court's denial of its Motion for Summary Judgment. ECF Nos. 126–128. Defendants request that this Court, either by entry of a new Order or by amending its prior Order, certify for appeal the question of whether tri-minority coalition claims, or coalition claims generally, are cognizable under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 ("VRA"). ECF No. 128 at 4; ECF No. 130 at 4. On March 31, 2020, Plaintiffs opposed the motion arguing that Defendants failed to satisfy the required elements for an interlocutory appeal. ECF No. 129. On April 6, 2020, Defendants filed a reply. ECF No. 130.

Section 1292(b) of Title 28 of the United States Code allows a district judge to certify an order for appellate review if (1) the order "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." The procedural requirements for an interlocutory appeal under § 1292(b) must be strictly construed. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir.1989). Even if all requirements are met, however, the decision to certify issues for

1

interlocutory appeal rests solely within the district court's discretion. *McDaniel v. Mehfoud*, 708 F.Supp. 754, 756 (E.D.Va. 1989). Given the "basic policy of postponing appellate review until after the court has entered final judgment in the case," the party moving for certification under § 1292(b) has the burden of persuading the court that "exceptional circumstances justify departure from that policy." *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 853 (E.D.N.C.1995) (citations omitted).

Defendants have not met its burden of establishing that exceptional circumstances justify an interlocutory appeal. First, an interlocutory appeal of Defendants' proposed legal question will not materially advance the ultimate termination of the litigation. 28 U.S.C. 1292(b). Defendants contend that the legal question presented regarding the viability of tri-minority coalition claims, "may serve to avoid trial." ECF No. 28 at 6. However, the material-advancement requirement is met in exceptional circumstances that will avoid protracted and expensive litigation. *See Estate of Giron Alvarez v. Johns Hopkins Univ.*, No. CV TDC-15-0950, 2019 WL 1779339, at *2 (D. Md. Apr. 23, 2019) (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989)). Here, the Court does not find any exceptional circumstances. The discovery in this case is nearly complete, and the Court, on March 11, 2020, denied Defendants' Motion for Summary Judgment. ECF No. 126. The parties are scheduled for an additional Rule 16(b) conference on April 16, 2020. *See* ECF No 129-1. Trial is projected to take place in either September or October 2020. *Id.* Therefore, this case will likely be litigated before the conclusion of an interlocutory appeal. *See Difelice v. U.S. Airways, Inc.*, 404 F.Supp. 2d 907, 910 (E.D. Va. 2005) (noting that the material-advancement prong was not satisfied because "it is likely that this case will be fully litigated in the district court before the conclusion of any interlocutory appeal"). Given these facts, the Court finds that

Defendants' failed to meet its burden that its proposed legal question will materially advance the ultimate termination of the litigation.

Furthermore, even if Defendants did meet all the requirements for an interlocutory appeal, this Court would use its discretion and deny Defendants' a certificate of appealability. Defendants have not persuaded this Court that exceptional circumstances justify departure from the basic policy of postponing appellate review until after this Court enters a final judgment in this case. *North Carolina ex rel. Howes*, 889 F. Supp. at 853. Because this case has been on the Court's docket for over two years and involves claims that should be fully litigated given the genuine dispute as to material facts, the circumstances in this case favor the general rule of postponing appellate review until after final judgment. *See* ECF Nos. 1, 126. In addition, the full factual record developed at trial will greatly enhance any appellate review of whether coalition claims are legally cognizable under Section 2 of the VRA. Thus, having considered the foregoing analysis under Section 1292(b), the Court does not find it appropriate to amend its March 11, 2020 Order or to otherwise enter a new Order to issue a certification of appealability. Accordingly, Defendants' Motion for Certification of Appealability is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 16, 2020

United States District Judge