# EXHIBIT 4

No. 21-1533

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

Latasha Holloway, et al.,

*Plaintiffs-Appellees*,

v.

City of Virginia Beach, et al.,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
For the Eastern District of Virginia
Case No. 2:18-cv-00069
The Honorable Raymond A. Jackson

---

**Reply Brief in Support of Appellants' Emergency Motion for a Stay of Injunction Pending Appeal**

---

Mark D. Stiles
　*Virginia Beach City Attorney*
Christopher S. Boynton
　*Deputy City Attorney*
Gerald L. Harris
　*Senior City Attorney*
Joseph M. Kurt
　*Assistant City Attorney*
OFFICE OF THE CITY ATTORNEY
Municipal Center, Building One,
　Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456

Erika Dackin Prouty
BAKER & HOSTETLER LLP
200 Civic Center Drive
　Suite 1200
Columbus, OH 43215

Katherine L. McKnight
Richard B. Raile
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.,
　Suite 1100
Washington, D.C. 20036
T: (202) 861-1618
F: (202) 861-1783
kmcknight@bakerlaw.com

Patrick T. Lewis
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square
　Suite 2000
Cleveland, OH 44114

*Counsel for Defendants-Appellants*

## CORPORATE DISCLOSURE STATEMENT

Defendants-Appellants are the City of Virginia Beach; the Virginia Beach City Council; Donna Patterson, in her official capacity as General Registrar of the City of Virginia Beach; Robert Dyer, in his official capacity as the Mayor of Virginia Beach; James Wood, in his official capacity as Vice Mayor of Virginia Beach; Patrick Duhaney, in his official capacity as City Manager of Virginia Beach; and Michael Berlucchi, Barbara Henley, Louis Jones, John Moss, Aaron Rouse, Guy Tower, Rosemary Wilson, and Sabrina Wooten, in their official capacities as members of the Virginia Beach City Council.

None of the Defendants-Appellants are a publicly held corporation or other publicly held entity, and no publicly owned parent corporation owns any stock in any of the Defendants–Appellants. There is no publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation. Defendants–Appellants are not trade associations. This case does not arise out of a bankruptcy proceeding.

## STATEMENT

Plaintiffs told this Court they do not oppose a "stay" to permit a November 2021 special election. CA4.Dkt.28 at 1. Then, this Court granted Plaintiffs' motion to hold this appeal in abeyance, over the City's objection. That was a "strategic waiver," *June Med. Servs. L. L. C. v. Russo*, 140 S. Ct. 2103, 2120 (2020), as Plaintiffs knew the resignation of Ms. Abbott threatened irreparable harm to the City and defeated their argument that abeyance would not harm the City. That representation binds them. "A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (citation omitted).

To justify this turn-about, Plaintiffs seize upon an innocent and immaterial error the City made in briefing below[1] about the term-length limits

---

[1] The City was operating under exigent circumstances (by state law it had 15 days to seek a writ of election in state court) to ascertain the impact of the vacancy in this highly unusual situation, assess the City's obligations, and seek relief on an expedited basis. The error was inadvertent and understandable. The relevant state law contemplates that an interim council appointment should serve only until an elected representative takes office (*see* Va. Code § 24.2-228(A)), and the special election for that representative should occur no later than the next general election, Va. Code § 24.2-226(A). What was unclear, and not contemplated by state law, is what happens when that special election does not occur as mandated by statute. The City now concludes that because the text of § 24.2-228(A) provides that "the person so appointed shall hold office only until the qualified voters fill the vacancy by special election pursuant to § 24.2-682," that no election may occur as required by § 24.2-226 means that the appointed representative may continue to serve. Such a conclusion conflicts with the apparent intent of the General Assembly, but gives effect to the statutory text. In no event were the statements made in prior briefing intended to misrepresent the law.

1

of an interim appointed council member, saying the error "induced Plaintiffs' conditional non-opposition to a *modification* of the injunction." Opp. 1. That cannot be right. Plaintiffs declared their non-opposition to this Court *before* receiving the motion they say induced their position. The letter stated Plaintiffs' non-opposition to "a motion the City has yet to file." CA4.Dkt.28 at 1. That was correct. *See id.* (filed 6:57 PM); Dist.Ct.Dkt.262 (filed 7:34pm). The correspondence of counsel also reflects that the City made no representation about the term of an appointed interim member prior to Plaintiffs' non-opposition to "stay." Ex.1 (correspondence of counsel, without reference to the term of an interim appointed member, culminating in representation "Plaintiffs do not oppose a limited stay…."). Plaintiffs cannot credibly claim inducement by a document they had not seen with respect to a "*modification*" (their emphasis) that was not even the subject of their non-opposition.[2]

Nor is any of this material (except in confirming waiver). First, the City preserved an independent irreparable-harm argument below, namely that enjoining the election is itself irreparable harm. Second, Plaintiffs have failed to show that an *appointed* Council representative is superior to an *elected* one—a position that is jarringly at odds with basic notions of representative democracy and the plain intent of state law requiring that the vacancy be filled by a special election at the next available general election.

---

[2] Nor could Plaintiffs' change in position have been caused by footnote 4 in the City's motion in this Court. Plaintiffs represented opposition before they saw it. *See* Ex.2.

## ARGUMENT

### I.    The Court Should Grant a Partial Stay

### A.    Irreparable Harm

Plaintiffs' arguments on the irreparable-harm element lack merit.

1.    The City argued below that "'[t]he [State's] inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State.'" Dist.Ct.Dkt.262 at 8 (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018)). That is the City's argument in this motion. Mot. 10 (quoting *Abbott*, 138 S. Ct. at 2324 & n.17). Plaintiffs are wrong to contend that "[t]he City proffered *one* purported harm in its district court briefing," that "'[t]he injunction, if left unchanged, would forbid the City from filling a vacancy…after the November 2, 2021 election.'" Opp. 5. The City argued below that this harm "compounded" the first harm. Dist.Ct.Dkt.262 at 8. The City's position is preserved. *See Yee v. Escondido*, 503 U.S. 519, 534 (1992) ("[P]arties are not limited to the precise arguments they made below.").

2.    Plaintiffs are equally wrong to contend that "the 'representational' harm the City newly proffers is not irreparable harm to the City. Rather, it is relevant to the public interest factor." Opp. 6. Plaintiffs fail even to cite *Abbott*, which holds that an injunction forbidding elections under a state's redistricting plan "would seriously and irreparably harm the State." 138 S. Ct. at 2324. Plaintiffs cite a Ninth Circuit opinion for the proposition that the "effect on voters is public interest consideration, not irreparable harm consideration," Opp. 7, but that case says the opposite: the "hardship falls *not only* upon the

3

putative defendant, the California Secretary of State, but on all the citizens of California, because this case concerns a statewide election." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 919 (9th Cir. 2003) (emphasis added).

3.      Plaintiffs devote much bluster to the City's correction of its statement below concerning the vacancy appointment length. Mot. 14 n.4. Although the City regrets this error, it does not provide the excuse for Plaintiffs to ignore the law and facts before the Court and their own prior non-opposition to a stay. Plaintiffs had not received any statements from Defendants regarding the temporal limits of the appointment before they announced their non-opposition to this Court. Ex.1 (e-mail chain). Their claim (*e.g.*, Opp. 3) that they took that position in reliance on the City is inexplicable. *See Wood v. Milyard*, 566 U.S. 463, 474 (2012) (applying waiver doctrine). And the error was as to a question of law on which Plaintiffs' counsel, themselves accomplished election lawyers, were equally capable to judge.[3]

Besides, none of this is material. As to irreparable harm, although it appears that the Virginia Code's strict text *permits* an appointed member to serve indefinitely, that is not what it *contemplates*. Read *in pari materia,* the relevant statutes together (Va. Code §§ 24.2-226 and 228) structure a process that limits

---

[3] Plaintiffs suggest the City understood its error by July 13, but their transcript shows the City's understanding at that point "depend[ed] on what the [district] court may say." Opp. 3 n.2 (citation omitted).  At most, the cited portions of the Council record demonstrate that the City was struggling to determine the effect of being unable to hold a special election.

the term of the interim appointee and permits the people to elect their representative at the earliest possible opportunity after a vacancy occurs. An election "shall" occur no later than "the date of the next general election."[4] Va. Code § 24.2-226(A). Under the injunction, an appointed officer will be acting without the imprimatur of a popular election for approximately a year and a half. That was not the policy judgment the General Assembly made in enacting these statutes and favoring elections over appointments, the norm in a representative democracy.

Buried in Plaintiffs' rhetoric is their troubling position that an *appointed* representative is as good as an *elected* one, which is hard to square with their claim under the *Voting* Rights Act. While Plaintiffs fear an elected representative might be "adverse to their interests" (Opp. 11), they do not explain how an appointed one is better. Under the appointment regime, the Council members they contend were elected under an unlawful at-large scheme would make the appointment. That appointment would occur without any popular vote. That intrusion into City affairs irreparably harms the City.

---

[4] For this reason, Plaintiffs err in suggesting the special election, without an injunction, would be in November 2022. Opp. 7-8. A special election "shall…be held on the date of the next general election in November," which is November 2021. Va. Code § 24.2-226(A). There is no qualifier in the statute limiting the "general election" to mean "the general election *for city council elections*." Opp. 7.

**B.    Harm to Plaintiffs**

Plaintiffs' argument that they "face a risk of harm from a stay" is waived.

Opp. 8. They directly addressed this argument in their letter to this Court:

> That [November 2021 special] election, depending upon the residency of the prevailing candidate, may have no bearing on the district court's remedial plan. To the extent the winning candidate ends up residing in a Section 2 remedial district, Plaintiffs may seek an additional special election in November 2022 to permit minority voters the opportunity to elect their candidate of choice (the term otherwise ends in 2024). *But that issue is not ripe at this time….*

CA4.Dkt.28 at 1 (emphasis added). Plaintiffs raised the issue and waived any argument as unripe. *Wood*, 566 U.S. at 474.

Nor is there any colorable argument that circumstances have changed to justify this reversal. Plaintiffs have always been in a position to make a judgment concerning their own interests, and it is not true that "Plaintiffs believed the City's representation that without a special election the Council would be short-staffed and vulnerable to tie votes" before expressing their non-opposition. Opp.12. As shown, Plaintiffs expressed their non-opposition before they received any such representation.

Moreover, Plaintiffs admitted that a special election would only harm them in the unlikely event that the district court adopts a remedial plan placing the winner of the special election within a majority-minority district, and the district court refuses to address the situation. Opp. 8-12. This highly unlikely

scenario does not outweigh the recognized irreparable harm to the City in being denied the opportunity to conduct an election.[5]

### C.    Likelihood of Success

Plaintiffs do not, and cannot, deny that the principal question in this appeal is subject to a live circuit split destined for resolution in the Supreme Court.

1.    Plaintiffs misconstrue the question at hand, positing that "the City contends that Section 2 of the Voting Rights Act *permits discrimination* when racial minority groups must join together in a coalition to constitute a majority of a single-member district." Opp. 12. But purposeful discrimination is not an issue in this case, because Plaintiffs have solely relied on the Section 2 *results* test. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2332 (2021). This case therefore turns on the "issue of vote dilution"—i.e., whether the at-large system has the *effect* of diluting the votes of a *class* recognized under Section 2. *Id.* at 2332-33. Stated differently, the question is whether dilution is experienced "on account of race or color." 52 U.S.C. § 10301(a).

In turn, because "[a]ny claim that the voting strength of a minority group has been 'diluted' must be measured against some reasonable benchmark of 'undiluted' minority voting strength," members of such a group must establish "the potential to elect a candidate *on the strength of their own ballots*"—i.e., show

---

[5] Because Plaintiffs misconstrue both the harms to the City and voters and to Plaintiffs and other "minority" voters, their public-interest argument (Opp. 20-21) fails.

that "they can form a majority of the voters in some single-member district." *Hall v. Virginia*, 385 F.3d 421, 428-29 (4th Cir. 2004). This case questions whether "their own ballots" can extend to members of multiple classes under Section 2. The statute answers that question in the negative.  CA4.Dkt.20 at 26-34.

Plaintiffs' sole statutory rejoinder—that "nothing in the statute requires every member of such a 'class' to share the same race," Opp. 15—misreads the text, which (1) treats *each* minority group as a separate "class" and (2) utilizes the singular in defining vote dilution. CA4.Dkt.20 at 28-29. Moreover, Plaintiffs' arguments regarding *Hall* and *Bartlett v. Strickland*, 556 U.S. 1 (2009), misconstrue the role of Supreme Court precedent. Although the holdings of those cases address cross-over claims, their "reasoning" binds this Court. *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1331 (4th Cir. 1987); *United States v. Davis*, 690 F.3d 226, 256 n.34 (4th Cir. 2012); *cf. McCoy v. Massachusetts Inst. of Tech.*, 950 F.2d 13, 19 (1st Cir. 1991) ("If lower courts felt free to limit Supreme Court opinions precisely to the facts of each case, then our system of jurisprudence would be in shambles, with litigants, lawyers, and legislatures left to grope aimlessly for some semblance of reliable guidance.").

2.    Plaintiffs' position on cohesion is equally meritless and enjoys no circuit's support. Plaintiffs invoke the clear-error standard of Rule 52, but as the City explained (Mot. 7-9), the issue on appeal concerns the legal standard of cohesion. The district court aggregated voting estimates as applied to all three groups of the putative coalition, but the Fifth Circuit has required a showing as

to each group and all together. *Brewer v. Ham*, 876 F.2d 448, 453 (5th Cir. 1989). That is a question of law, not fact. And, if a coalition claim is cognizable, the Fifth Circuit is right in setting that requirement. Using aggregation, a plaintiff could as easily show that registered Democrats and Republicans in a jurisdiction like Washington, DC, are all cohesive around Democratic candidates—given the relative size disparities in these groups in those jurisdictions. (A similar showing could be made the other way in heavily Republican jurisdictions.) That, of course, makes no sense. Instead, one must analyze each group on its own. That is what *Brewer* holds, that is what the court below failed to do, the evidence Plaintiffs recite fails to address voting preferences under the correct standard, and the evidence below established that misattribution is occurring. *See* CA4.Dkt.20 at 35-39.

## II.    The Court Should Vacate the Abeyance

The City has a strong basis to seek reconsideration of the abeyance ruling, which threatens to exacerbate irreparable harm on the City that is now well underway. A fundamental change in circumstances entitles a party to seek reconsideration—even "*one week*" later. Opp. 4. Here, Plaintiffs posited their non-opposition to a stay in support of their abeyance motion, and the Court granted that motion just a few days later. Then, the stay was denied. Now, Plaintiffs rescinded their non-opposition. That is not the factual scenario that confronted the Court when it granted their motion.

In response, Plaintiffs err, this time contending that "[t]he purpose of delaying the City's appeal is to give this Court the opportunity to consider a

complete record"—and apparently nothing else. Opp.21. But a core argument in support of abeyance was that "[a] decision holding this appeal in abeyance…would not harm Appellants" given that "[t]he next city council election is not until November 2022." CA4.Dkt.11 at 8. That "has changed." Opp. 22. That is why Plaintiffs assured the Court they would not oppose "a limited stay (a motion the City has yet to file)." CA4.Dkt.28 at 1.[6]

Meanwhile, the remedial phase has not adduced anything supporting Plaintiffs' position on appeal, which does not pertain to remedial issues. The City predicted that Plaintiffs would not cite a single point of remedial evidence supporting their appeal. Mot. 19. That has proven correct. Opp. 22. Plaintiffs assure the Court that information is coming. Opp. 21-22. But Plaintiffs have not once identified even a *general sense* of what it might be. The harms of the abeyance are now acute, and the benefits non-existent.

## CONCLUSION

The motion should be granted.

---

[6] Because Plaintiffs agreed to a stay, their request for modification is waived.

Date: July 23, 2021

Mark D. Stiles
   *Virginia Beach City Attorney*
Christopher S. Boynton
   *Deputy City Attorney*
Gerald L. Harris
   *Senior City Attorney*
Joseph M. Kurt
   *Assistant City Attorney*
OFFICE OF THE CITY ATTORNEY
Municipal Center, Building One,
   Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456

Erika Dackin Prouty
BAKER & HOSTETLER LLP
200 Civic Center Drive
   Suite 1200
Columbus, OH 43215

Respectfully submitted,

/s/ Katherine L. McKnight
Katherine L. McKnight
Richard B. Raile
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.,
   Suite 1100
Washington, D.C. 20036
T: (202) 861-1618
F: (202) 861-1783
kmcknight@bakerlaw.com

Patrick T. Lewis
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square
   Suite 2000
Cleveland, OH 44114

*Counsel for Defendants-Appellants*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(g)(1), I hereby certify that the foregoing motion complies with the type-volume limitation in FRAP 27(d)(2). According to Microsoft Word, the brief contains 2,591 words and has been prepared in a proportionally spaced typeface using Calisto MT in 14-point size.

DATE: July 23, 2021                    /s/ Katherine L. McKnight
                                       Katherine L. McKnight

                                       *Counsel for Defendants–Appellants*

# CERTIFICATE OF SERVICE

I certify that on July 23, 2021, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

DATE: July 23, 2021              /s/ Katherine L. McKnight

Katherine L. McKnight

*Counsel for Defendants–Appellants*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Mark Gaber |
| **To:** | Christopher Lamar; McKnight, Katherine L.; Gerry Hebert; Rob Weiner; Annabelle Harless; Simone Leeper; Dana Paikowsky |
| **Cc:** | Christopher S. Boynton; Lewis, Patrick T.; Prouty, Erika Dackin; Gerald L. Harris; Joseph M. Kurt; Raile, Richard |
| **Subject:** | RE: Holloway v. City of Virginia Beach - Motion for Stay |
| **Date:** | Wednesday, July 7, 2021 4:42:47 PM |
| **Attachments:** | image004.png |
| | image007.png |
| | image011.png |

Dear Kate—

Please include the following quoted text verbatim in your motion with respect to Plaintiffs' position:

"Plaintiffs do not oppose a limited stay of the district court's injunction to permit a special election for the Kempsville residency district seat on the City Council to fill the vacancy caused by Ms. Abbott's resignation. However, without further court order, the person elected in such a special election will hold office through 2024. Plaintiffs therefore reserve the right to seek an order from this Court, in the exercise of its remedial authority, to require a new special election in November 2022 in the event that the candidate elected in the November 2021 special election resides in one of the Section 2 remedial districts ordered by the Court. Plaintiffs intend to file a short response to Defendants' motion for a stay to further explain their position."

Sincerely,
Mark Gaber

**From:** Christopher Lamar <CLamar@campaignlegalcenter.org>
**Sent:** Wednesday, July 7, 2021 2:54 PM
**To:** McKnight, Katherine L. <kmcknight@bakerlaw.com>; Gerry Hebert <ghebert@campaignlegalcenter.org>; Mark Gaber <MGaber@campaignlegalcenter.org>; Rob Weiner <RWeiner@campaignlegalcenter.org>; Annabelle Harless <aharless@campaignlegalcenter.org>; Simone Leeper <SLeeper@campaignlegalcenter.org>; Dana Paikowsky <DPaikowsky@campaignlegalcenter.org>
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Lewis, Patrick T. <plewis@bakerlaw.com>; Prouty, Erika Dackin <eprouty@bakerlaw.com>; Gerald L. Harris <GLHarris@vbgov.com>; Joseph M. Kurt <jKurt@vbgov.com>; Raile, Richard <rraile@bakerlaw.com>
**Subject:** RE: Holloway v. City of Virginia Beach - Motion for Stay

Hello Kate,

Thank you for this information.

Our team has some other commitments happening right now and we will be unable to respond by 3pm. Considering Councilmember Abbott resigned on July 2, the City Council voted to ask Judge Jackson for this request yesterday, and you did not contact us about this until 11:20am, we will try our best to respond by 5pm.

Thank you for your understanding.

**Chris Lamar**
Senior Legal Counsel

202.822.1854 | @CLamar_esq

Campaign Legal Center
1101 14th St. NW Suite 400
Washington, DC 20005
campaignlegalcenter.org

Facebook | Twitter

**From:** McKnight, Katherine L.
**Sent:** Wednesday, July 7, 2021 1:33 PM
**To:** Gerry Hebert; Mark Gaber; Rob Weiner; Annabelle Harless; Simone Leeper; Christopher Lamar; Dana Paikowsky
**Cc:** Christopher S. Boynton; Lewis, Patrick T.; Prouty, Erika Dackin; Gerald L. Harris; Joseph M. Kurt; Raile, Richard
**Subject:** RE: Holloway v. City of Virginia Beach - Motion for Stay

Thank you for your e-mail.

First, the City's state-law obligation to conduct a November 2021 election triggers a series of deadlines leading up to that date, such as for seeking a writ of election, conducting candidate qualification, printing and mailing ballots, and so forth. The first deadline is a statutory obligation on the City to request a special election within 15 days from the date of resignation.  Other deadlines are located in the Virginia Code, including in Sections §§ 24.2-226, 24.2-506(A)(5), 24.2-612 and SBE Policy 2010-003.  The Virginia Board of Elections has a robust website with detailed charts of election deadlines.

Second, the special election, per state law, would fill the unexpired term which ends December 21, 2024.

We look forward to your response.

Kate


**Katherine L. McKnight**
Partner



Washington Square
1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1618

kmcknight@bakerlaw.com
bakerlaw.com



**From:** Gerry Hebert <ghebert@campaignlegalcenter.org>
**Sent:** Wednesday, July 7, 2021 11:59 AM
**To:** McKnight, Katherine L. <kmcknight@bakerlaw.com>; Mark Gaber <MGaber@campaignlegalcenter.org>; Rob Weiner <RWeiner@campaignlegalcenter.org>; Annabelle Harless <aharless@campaignlegalcenter.org>; Simone Leeper <SLeeper@campaignlegalcenter.org>; Christopher Lamar <CLamar@campaignlegalcenter.org>; Dana Paikowsky <DPaikowsky@campaignlegalcenter.org>
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Lewis, Patrick T. <plewis@bakerlaw.com>; Prouty, Erika Dackin <eprouty@bakerlaw.com>; Gerald L. Harris <GLHarris@vbgov.com>; Joseph M. Kurt <jKurt@vbgov.com>; Raile, Richard <rraile@bakerlaw.com>
**Subject:** Re: Holloway v. City of Virginia Beach - Motion for Stay

[External Email: Use caution when clicking on links or opening attachments.]

Ms. McKnight,

Please advise us of the following so we can be more informed while we consider your request:

First, what are the "impending deadlines" you refer to?

Second, what is term of office for the special election?

Thank you.

**Gerry Hebert**

Senior Director, Voting Rights & Redistricting
O: 202.736.2204 | M: 703.628.4673
Campaign Legal Center

1101 14th Street, NW Suite 400

Washington, DC 20005

campaignlegalcenter.org

Facebook | Twitter

---

**From:** McKnight, Katherine L. <kmcknight@bakerlaw.com>
**Sent:** Wednesday, July 7, 2021 11:20 AM
**To:** Mark Gaber <MGaber@campaignlegalcenter.org>; Rob Weiner <RWeiner@campaignlegalcenter.org>; Annabelle Harless <aharless@campaignlegalcenter.org>; Simone Leeper <SLeeper@campaignlegalcenter.org>; Christopher Lamar <CLamar@campaignlegalcenter.org>; Dana Paikowsky <DPaikowsky@campaignlegalcenter.org>; Gerry Hebert <ghebert@campaignlegalcenter.org>
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Lewis, Patrick T. <plewis@bakerlaw.com>; Prouty, Erika Dackin <eprouty@bakerlaw.com>; Gerald L. Harris <GLHarris@vbgov.com>; Joseph M. Kurt <jKurt@vbgov.com>; Raile, Richard <rraile@bakerlaw.com>
**Subject:** Holloway v. City of Virginia Beach - Motion for Stay

Dear Counsel,

We write to address a development in the above-referenced case.  Last Friday, Councilmember Jessica Abbott (Kempsville District) resigned her seat on the City Council creating a vacancy on the Council.  This vacancy triggers a set of obligations on the part of the City, including the requirement for a special election, that cannot be fulfilled under the District Court's injunction.  We intend to file a Motion for Stay of that injunction for this special election only.

Could you let us know whether Plaintiffs' consent to or oppose this motion?

Due to the urgent nature of impending deadlines we ask for the courtesy of a response by this afternoon at 3pm.  If you need to discuss further, we can be available by phone.

Thank you very much,

Kate

**Katherine L. McKnight**
Partner

---

BakerHostetler
Washington Square
1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1618

kmcknight@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# EXHIBIT 2

| From: | Mark Gaber |
|---|---|
| To: | McKnight, Katherine L.; Rob Weiner; Gerry Hebert; Annabelle Harless; Simone Leeper; Dana Paikowsky; Christopher Lamar |
| Cc: | Christopher S. Boynton; Gerald L. Harris; Lewis, Patrick T.; Prouty, Erika Dackin; Joseph M. Kurt |
| Subject: | RE: Holloway v. City of Virginia Beach - requesting position on filings in the Fourth Circuit |
| Date: | Tuesday, July 20, 2021 2:43:11 PM |
| Attachments: | image002.png |

[External Email: Use caution when clicking on links or opening attachments.]

Counsel—

Plaintiffs oppose the motion and will file a response.

Thanks,
Mark

**From:** McKnight, Katherine L. <kmcknight@bakerlaw.com>
**Sent:** Monday, July 19, 2021 3:29 PM
**To:** Mark Gaber <MGaber@campaignlegalcenter.org>; Rob Weiner <RWeiner@campaignlegalcenter.org>; Gerry Hebert <ghebert@campaignlegalcenter.org>; Annabelle Harless <aharless@campaignlegalcenter.org>; Simone Leeper <SLeeper@campaignlegalcenter.org>; Dana Paikowsky <DPaikowsky@campaignlegalcenter.org>; Christopher Lamar <CLamar@campaignlegalcenter.org>
**Cc:** Christopher S. Boynton <CBoynton@vbgov.com>; Gerald L. Harris <GLHarris@vbgov.com>; Lewis, Patrick T. <plewis@bakerlaw.com>; Prouty, Erika Dackin <eprouty@bakerlaw.com>; Joseph M. Kurt <jKurt@vbgov.com>
**Subject:** Holloway v. City of Virginia Beach - requesting position on filings in the Fourth Circuit

Counsel,

We expect to renew tomorrow in the Fourth Circuit Defendants' Emergency Motion to Stay Injunction, which the District Court denied today (Dkt. 269). We also will request that the Fourth Circuit vacate its order holding the appeal in abeyance.

Please let us know by tomorrow at 3pm whether Plaintiffs oppose this motion and, if so, if they plan to file a brief in opposition.

Thank you,

Kate

**Katherine L. McKnight**
Partner


Washington Square

1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1618

kmcknight@bakerlaw.com
bakerlaw.com



---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.