FILED

AUG - 9 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LATASHA HOLLOWAY et. al.,
    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:18-cv-69

CITY OF VIRGINIA BEACH, et. al.,

    Defendant.

### ORDER CONDITIONALLY APPOINTING SPECIAL MASTER

On March 31, 2021, the Court entered a judgment declaring the City of Virginia Beach's at-large method of election illegal. ECF No. 242. On May 25, 2021, the Court ordered the Parties to submit proposed remedial plans by July 1, 2021 to redress the at-large system of election for the Virginia Beach City Council. ECF No. 252. On July 1, 2021, the Court instructed the Parties to submit their responses and replies to the proposed remedial plans by July 30, 2021. ECF No. 259. Given the nature of this matter and the Court's previous findings, the Court has concluded that the appointment of a Special Master is appropriate under Rule 53(a)(1) of the Federal Rules of Civil Procedure to assist the Court in the remedy phase of this case.

All Parties submitted briefs setting forth arguments, proposed remedial plans, and credentials for potential candidates for Special Master. The Court has carefully reviewed the Parties' submissions, the candidates' credentials and experience, and the arguments offered both in favor of, and against, certain candidates. Based on the information before the Court, the Court finds that Dr. Bernard N. Grofman is best qualified to serve as Special Master in this case. Without objection from either party, on August, 4, 2021, the Court informed parties of its intent to select Dr. Grofman as a Special Master. ECF No. 274. Dr. Grofman has extensive experience addressing issues like those presented therein, and there is no suggestion that Dr. Grofman would investigate

1

the appropriate remedy in this matter in a partisan manner. *See* ECF No. 261 at Exhibit 3. Notably, both parties recommended that Dr. Grofman be appointed as Special Master in this case. *See* ECF Nos. 260, 261, 273.

Accordingly, it is **ORDERED** that **Dr. Bernard N. Grofman,** Distinguished Professor of Political Science at the University of California, Irvine, is conditionally appointed Special Master for the purpose of submitting a Report and Recommendation of a legally sound remedial plan that addresses the violations in Virginia Beach's at-large election system, that the Court enjoined in its ruling of March 31, 2021, *see* ECF No. 242, and complies with the Federal and State Constitutions and the Voting Rights Act.

The Report and Recommendation may include color maps showing the proposed remedial plan maps Plaintiffs and Defendants submitted at trial and in their respective proposed remedial briefs. *See* ECF Nos. 260; 261 at Exhibit 1. However, no new maps may be presented by the Parties. While the evidence of proposed maps will be limited to the maps in the record, the Special Master's Report and Recommendation need not be confined to these maps. The Special Master may consider all the evidence in making his recommendation to the Court and may develop his own plan if necessary.

The Special Master shall have the authority granted by Rule 53(c) to perform his duties fairly and efficiently, including: reviewing evidence on the record; evaluating the Parties respective proposed remedies; setting a date, time, and place for hearings; presiding over hearings; conducting telephone conferences; reviewing/drafting remedial plans; and making recommendations.

The Court expects the Special Master to perform his duties based on the extensive evidence currently on the record; however, the Special Master also has authority to take evidence and

conduct evidentiary hearings if he deems it necessary. The Special Master is authorized to retain appropriate assistants, experts, and staff as may be reasonably necessary to accomplish this task within the time constraints imposed by this Order. If the Special Master orders evidentiary hearings, all pleadings shall be filed with the Court via the Court's CM/ECF filing system. The Special Master's reports, orders, and decisions shall be filed in the record and served pursuant to Rule 53(d).

The Parties shall comply with all reasonable requests of the Special Master, and the Parties shall make their experts available to the Special Master, and the Parties and their experts are expected to fully and reasonably cooperate with the Special Master in the process of formulating an appropriate remedial plan.

Pursuant to Rule 53(b)(2)(B), the Special Master is permitted to communicate *ex parte* with the Court at any time, and the Court advises the Parties that these communications will remain primarily procedural. However, considering the time constraints before the Special Master, the Court may need to have substantive *ex parte* communications with the Special Master. To the extent such communications are necessary, this Order authorizes those communications. The Special Master is not permitted to communicate *ex parte* with any Party or counsel for any Party in this matter. The Special Master may not have *ex parte* communications regarding his duties pursuant to this Order outside of the Court and any assistants or experts retained to assist him.

Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the Parties and any written orders, findings, and recommendations. All other materials should be preserved until relieved of this obligation by the Court. The Special Master shall preserve all datasets used in the formulation of redistricting plans, and any drafts considered but not recommended to the Court, in their native format.

Pursuant to Rules 53(f)(3)-(5), the Court shall review all factual findings made or recommended by the Special Master for clear error, all legal conclusions made or recommended by the Special Master *de novo,* and review procedural matters for abuse of discretion. The Parties will be afforded an opportunity to submit responses and/or objections to the Report and Recommendation, which the Court will consider prior to rendering a final decision and order.

To the extent reasonably practical, the Special Master shall submit his Report and Recommendation to the Court **on or before November 15, 2021**. The Parties shall file any response and/or objection to the Report and Recommendation **within twenty (20) days of the report**. The Court will issue a ruling approving or rejecting the Special Master's recommendation as soon as thereafter practicable. Leave to extend the deadlines set forth herein shall be freely given upon motion setting forth the grounds for the relief requested.

Rule 53(g) provides the Court with the discretion in deciding who should pay the Special Master. Since the Court determined that Defendants supported the unlawful at-large electoral system that necessitated this suit and after considering the Plaintiffs' financial means, and that Plaintiffs are represented Pro Bono, the Court finds that all costs of the Special Master, including reasonable compensation to the Special Master and any assistants, experts, or staff, shall be subject to approval by this Court and shall be borne entirely by the Defendants, and paid in full within forty-five (45) days after Court approval. *See United States v. Cline*, 388 F.2d 294, 296 (4th Cir. 1968) (holding that the fees of the special master should be borne by the party "largely blamable for the need of…" the suit); *see also, Covington v. North Carolina*, No. 1:15-CV-399, 2018 WL 8060397, at *1 (M.D.N.C. Mar. 22, 2018) (holding similarly); *Moore v. Tangipahoa Par. Sch. Bd.,* 843 F.3d 198, 202 (5th Cir. 2016) (holding that "[t]he fixing of fees and costs for a special master rests within the court's discretion); *Morgan v. Kerrigan*, 530 F.2d 401, 427 (1st Cir. 1976)

(noting that trial courts have "broad discretion in fixing the amount of such compensation and in determining which of the parties to charge"). The Special Master's rate shall be $450 per hour. The Special Master shall preserve all records of time and expenses incurred.

Finally, this Order appointing Dr. Bernard Grofman as Special Master in this matter is contingent upon Dr. Grofman submitting an affidavit pursuant to Federal Rule of Civil Procedure 53(b). Thus, **IT IS ORDERED** that Dr. Grofman shall file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 **no later than August 16, 2021.**

The Clerk is **DIRECTED** to electronically provide this Order to all parties.

**IT IS SO ORDERED**

Norfolk, Virginia
August 9, 2021

Raymond A. Jackson
UNITED STATES DISTRICT JUDGE