IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Latasha Holloway, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>City of Virginia Beach, et al., <br><br>*Defendants*. | Case No. 2:18-cv-0069 |

**DEFENDANTS' CONSOLIDATED BRIEF IN SUPPORT OF MOTION TO DISMISS
AND IN OPPOSITION TO MOTION TO STAY**

This Court has no authority to stay proceedings that present no live controversy. Plaintiffs do not challenge the redistricting plan the City of Virginia Beach is now using and could not colorably do so because this Court found it compliant with Section 2 at Plaintiffs' prompting. Rather than identify a live injury-in-fact, Plaintiffs ask this Court to stay this case to await future action by the City that may or may not result in a colorable injury-in-fact. But a dispute over what may occur sometime next year (or beyond) is unripe, and the Court lacks jurisdiction to maintain a lawsuit indefinitely only to find out later what it challenges. The Court must deny Plaintiffs' motion to stay proceedings, ECF No. 306, and dismiss this case for lack of jurisdiction, *see* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

1. On July 27, 2022, the Fourth Circuit held that this Court "erred in reaching the merits" of Plaintiffs' Section 2 claim, because a new Virginia law, HB 2198, "eliminated the . . . Virginia Beach all-at-large system at the heart of this case, leaving the district court without jurisdiction to rule on the legality of that system and thus without jurisdiction to direct a remedy." *Holloway v. City of Virginia Beach*, 42 F.4th 266, 272–73 (4th Cir. 2022). The Fourth Circuit

remanded the case to allow this Court to determine whether "the plaintiffs should be permitted to amend their complaint" to convert this case into a challenge to the replacement plan or whether such a claim is "better pursued in a new proceeding." *Id.* at 277–78.

2. But the Fourth Circuit issued that ruling too late for the City to adopt and implement a new redistricting plan for the 2022 elections. Thus, until further notice, the City will utilize the plan fashioned in this case by a court-appointed special master, approved by this Court, and endorsed by Plaintiffs. *See* ECF No. 290 (order adopting special master's plan); ECF No. 282 (Plaintiffs' assertion that this Court should adopt the special master's plan). The Supreme Court has recognized that election exigencies may justify or even compel state authorities to use a court-configured plan, even though the court erred in imposing it. *See Upham v. Seamon*, 456 U.S. 37, 44 (1982).

3. Plaintiffs do not (and could not) contend that they have a challenge to the plan the City is currently using. Nor do Plaintiffs identify how they could amend their complaint to state a live claim. Instead, they ask this Court to stay proceedings "until March 2023" because (they say) this would "provide the new Council with the opportunity to consider and decide upon the method of election they propose to utilize for future City Council elections." ECF No. 306 at 3. Plaintiffs do not explain why March 2023 is the appropriate time "to commence proceedings." *Id.* Although it is likely (not certain) that, as Plaintiffs suggest, the City Council will not address the election system until after the terms of new members take effect in January 2023, the Council has not committed to resolving the issue by March 2023, the current members could not bind future members in that way, and it remains unknown what system will be selected or when or whether the system will even change from what the City is now using.

4. Plaintiffs' claim is therefore unripe. "To be fit for judicial review, a controversy should be presented in a 'clean-cut and concrete form.'" *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019) (citation omitted). "This occurs when the [challenged] action is 'final and not dependent on future uncertainties or intervening'" government action. *Id.* (citation omitted). "On the other hand, . . . a plaintiff's claim is not ripe for judicial review 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (citation omitted). Stated differently, a claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (quoting *Gasner v. Bd. of Supervisors,* 103 F.3d 351, 361 (4th Cir. 1996)). "[R]ipeness is a question of subject matter jurisdiction," *South Carolina*, 912 F.3d at 730 (citation omitted), and it is "well-settled that there is no federal subject matter jurisdiction over a matter that is unripe," *Hyatt v. U.S.P.T.O.*, 110 F. Supp. 3d 644, 654 (E.D. Va. 2015) (citing *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013)).

5. That is the case here. Plaintiffs acknowledge that it remains unknown what election mechanism the City will ultimately adopt, and it is equally unknown whether Plaintiffs will have a colorable basis to challenge it. Furthermore, it will be insufficient for the Council to select a plan; the plan would also be subjected to a new state-law preclearance review process designed to ensure equal minority electoral opportunity, *see* Va. Code § 24.2-129, which Plaintiffs represented to the Fourth Circuit is "more protective than Section 2," Appellees' Br. 17, *Holloway v. City of Virginia Beach*, No. 21-1533, Doc. 62 (filed Feb. 7, 2022). During that process, this Court would not be permitted to adjudicate a federal claim against the City's plan. *See Growe v. Emison*, 507 U.S. 25, 33 (1993). In sum, Plaintiffs may never be injured, any injury that may arise may be remedied through the Virginia state system, and only after the Council acts—and its acts are found compliant

with state law—will Plaintiffs even arguably have a live claim. Because Plaintiffs' claims are not ripe, this Court lacks subject matter jurisdiction and "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted); *see United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 303 (4th Cir. 2017).

6. Plaintiffs provide no basis for the Court to conclude otherwise, even though it is their burden to establish that their lawsuit asserts a ripe claim, *see Doe*, 713 F.3d at 758. Instead, they ask this Court to stay proceedings to await a future injury that might never occur. But if claims are "not yet ripe for judicial review," a federal court "is without authority to hold them in abeyance." *Stephen v. Murray*, No. 14-cv-4951, 2016 WL 4402020, at *4 (E.D.N.Y. Aug. 17, 2016). A stay of proceedings is not "a proper remedy" to overcome a jurisdictional ripeness defect. *Criswell Coll. v. Sebelius*, No. 3:12-cv-4409, 2013 WL 12363620, at *6 (N.D. Tex. Apr. 9, 2013); *see also Colo. Christian Univ. v. Sebelius*, No. 11-cv-03350, 2013 WL 93188, at *8 (D. Colo. Jan. 7, 2013). Plaintiffs' discussion of discretionary stay factors, *see* ECF No. 306 at 2–3, lacks any relevance because "retaining jurisdiction is simply not an option" when "claims are either moot or unripe." *Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585, 597 (2010).

7. To the extent Plaintiffs rely on the Fourth Circuit's decision to "remand *without* instructions to dismiss the plaintiffs' case," *Holloway*, 42 F.4th at 277, that position would be unfounded. The Fourth Circuit applied a doctrine permitting a moot case to be converted through an amended pleading into a new suit challenging a "'residual claim under the new framework'" that already exists at the time amendment would be appropriate. *Id.* at 277 (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020)). That doctrine depends on the existence of a new law to challenge, which marks the continuation of a ripe controversy. *See N.Y. State Rifle*, 140 S. Ct. at 1526 (discussing plaintiffs' quarrels with the modified gun-regulation

4

regime, already in effect, that mooted their appeal); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 482 (1990) (permitting new claim to proceed against amendments that "*were* passed" during the pendency of the suit (emphasis added)); *Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972) (contemplating that plaintiffs "may wish to amend their complaint so as to demonstrate that the repealed statute retains some *continuing* force or to attack the newly *enacted* legislation" (emphasis added)). Here, the City is now using the court-ordered plan, which Plaintiffs do not (and could not) challenge. Plaintiffs are not now able to amend their complaint, and converting this case into a challenge to some unknown future system is jurisdictionally off limits. The Fourth Circuit did not authorize this Court to transgress bedrock ripeness principles by holding this case open for months, even years, as a vehicle to challenge some future action that may never give rise to a colorable claim.

8. Plaintiffs' recourse, if a ripe claim ever emerges, will be to initiate a new lawsuit asserting that claim. That avenue fully protects Plaintiffs' rights under Section 2, which can be enforced with equal vigor in a new lawsuit. Plaintiffs do not explain why their rights can be asserted only in an amended pleading in a proceeding with this case's caption and number. Accordingly, even if jurisdictional principles did not compel dismissal (they do), the Court's discretion would be best served by requiring any new claim to be "pursued in a new proceeding," as the Fourth Circuit suggested. *Holloway*, 42 F.4th at 278. Plaintiffs fail to address that possibility in their motion to stay. Instead, they compare their proposed approach of a lengthy stay against the alleged alternative approach of prosecuting this case immediately (against what plan, they do not say). *See* ECF No. 306 at 2–3. But Plaintiffs cannot establish a basis for a stay of proceedings "by clear and convincing circumstances," *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (citation omitted), when they fail to address one of the avenues the Fourth Circuit

proposed as a permissible basis for proceeding. Indeed, it is the only avenue that makes sense—either as a jurisdictional or discretionary matter—given that Plaintiffs cannot plausibly "amend their complaint" now to raise a colorable challenge, *Holloway*, 42 F.4th at 277.

For these reasons, Plaintiffs' motion to stay proceedings should be denied, and the Court should dismiss this case for lack of a live case or controversy.

DATE: October 18, 2022

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Gerald L. Harris (VSB No. 80446)
Senior City Attorney
Joseph M. Kurt (VSB No. 90854)
Assistant City Attorney
OFFICE OF THE CITY ATTORNEY
Municipal Center, Building One, Room 260
2401 Courthouse Drive
Virginia Beach, Virginia 23456
Telephone: (757) 385-4531
Facsimile: (757) 385-5687
mstiles@vbgov.com
cboynton@vbgov.com
glharris@vbgov.com
jkurt@vbgov.com

Respectfully submitted,

*/s/ Katherine L. McKnight*
Katherine L. McKnight (VSB No. 81482)
Richard B. Raile (VSB No. 84340)
BAKER & HOSTETLER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis (*pro hac vice*)
BAKER & HOSTETLER, LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
plewis@bakerlaw.com

Erika Dackin Prouty (*pro hac vice*)
BAKER & HOSTETLER, LLP
200 Civic Centre Drive, Suite 1200
Columbus, OH 43215
(614) 462-4710
eprouty@bakerlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of the filing to all parties of record.

                                                     */s/ Katherine L. McKnight*
                                                       Katherine L. McKnight (VSB No. 81482)
                                                       *Counsel for Defendants*