IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LATASHA HOLLOWAY et. al.,

     Plaintiffs,

     v.                             CIVIL ACTION NO. 2:18-cv-69

CITY OF VIRGINIA BEACH, et. al.,

     Defendants.

*MEMORANDUM OPINION AND ORDER*

After remand from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), on October 10, 2022, Plaintiffs filed a Motion to Stay Proceedings. Pl.'s Mot. to Stay, ECF No. 306 ("Mot. Stay"). On October 20, 2022, Defendants responded. Def.s' Resp. Opp'n. to Pl.'s Mot to Stay, ECF No. 310 ("Def.s' Resp. Opp'n."). On October 24, 2022, Plaintiffs replied. Pl.s' Reply to Def.s' Resp. Opp'n., ECF No. 311 ("Pl.s' Reply").

On October 18, 2022, Defendants filed a Motion to Dismiss for Lack of Jurisdiction. Def.s' Mot. Dismiss, ECF No. 307 ("Mot. Dismiss"); Def.s' Brief in Support of Mot. Dismiss, ECF No. 308 ("Def.s' Mot. Dismiss Brief"). On November 1, 2022, Plaintiffs responded in opposition. Pl.s' Resp. Opp'n to Def.s' Mot. Dismiss, ECF No. 312 ("Pl.s' Resp. Opp'n."). On November 7, 2022, Defendants replied. Def.s' Reply to Pl.s' Resp. Opp'n, ECF No. 313 ("Def.s' Reply"). Having reviewed the motion and filings, this Court finds that a hearing is not necessary to address either motion. *See* E.D. Va. Local Civ. R. 7(J). For the reasons set forth below, Plaintiffs' Motion to Stay is **GRANTED**.[1]

---

[1] Having reviewed Defendants' Motion to Dismiss for Lack of Jurisdiction, subsequent briefing, and the Fourth Circuit's opinion in *Holloway v. City of Virginia Beach*, 42 F. 4th 266 (4th Cir. 2022), the Court finds the Defendants' Motion without merit. For the reasons stated below, Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 307, is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 31, 2021, the Court entered a judgment declaring the City of Virginia Beach's at-large method of election illegal. Opinion and Order, ECF No. 242. Pursuant to Section 2 of the Voting Rights Act, the Court further enjoined use of the at-large system of election, ordered that the City shall not adopt any system of election for members of its City Council that does not comply with § 2 of the Voting Rights Act, and ordered that the City of Virginia Beach shall not implement or utilize any practice, policy, procedure or other action that results in the dilution of minority participation in the electoral process. *See id.*

On April 29, 2021, Defendants filed an appeal (No. 21-1533) to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Notice of Appeal, ECF No. 250. On July 27, 2022, the Fourth Circuit vacated the Court's judgment and remanded the case for further proceedings consistent with the opinion. *Holloway v. City of Virginia Beach*, 42 F. 4th 266 (4th Cir. 2022).

Plaintiffs ask the Court to stay proceedings until March 2023, after the newly elected City Council for Virginia Beach has an opportunity to decide on a method of conducting elections. Mot. Stay, ECF No. 306. Defendants argue that the Court no longer has subject-matter jurisdiction and therefore the Court must deny Plaintiffs' motion to stay proceedings. See Def.s' Resp. Opp'n., ECF No. 310; Def.s' Mot. Dismiss Brief, ECF No. 308.

## II. LEGAL STANDARD

The decision of whether to stay proceedings is entrusted to the discretion of the district court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254.

A stay is appropriate where the benefits of a stay clearly and convincingly outweigh potential harm to the parties against whom the stay is operative. *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." *Buzzell v. JP Morgan Chase Bank,* No. 3:13-CV-668, 2015 WL 5254768, at \*2 (E.D. Va. Sept. 9, 2015), *aff'd,* 642 F. App'x 267 (4th Cir. 2016).

### III.    DISCUSSION

#### A.  Jurisdiction

As an initial matter, contrary to Defendants' assertions, the Court retains subject-matter jurisdiction over this case. *See* Def.s' Mot. Dismiss Brief, ECF No. 308. In their decision, the Fourth Circuit stated that "because the [P]laintiffs may have residual claims against the City's new method for electing its Council" the Court may "consider on remand whether the [P]laintiffs should be granted leave to amend their complaint, or develop the record more fully, to bring any new challenges as part of this proceeding." *Holloway v. City of Virginia Beach*, 42 F. 4th 266, 270 (4th Cir. 2022). The Fourth Circuit remanded the case "*without* instructions to dismiss the [P]laintiffs' case" because the Fourth Circuit recognized that the "[P]laintiffs maintain that they still may have viable challenges to whatever post-HB 2198 electoral system the City adopts." *Id.* at 277. (emphasis in original).

Despite the Fourth Circuits decision, Defendant argues that the current case presents "no live controversy" and that Plaintiffs do not have a "challenge to the plan the City is currently using." Def.s' Mot. Dismiss Brief, ECF No. 308 at 1-2. However, the Fourth Circuit remanded the case without dismissing it because the Plaintiffs maintained "viable challenges to whatever post-HB

3

2198 electoral system the City adopts." *Holloway v. City of Virginia Beach*, 42 F. 4th 266, 277 (4th Cir. 2022). At minimum the Court retains jurisdiction over the proceedings until after the City adopts a new electoral system. The City will not decide on a new method for elections until after January 2023. Therefore, the Court maintains jurisdiction over this matter.

### B. Motion to Stay

Now, the Court weighs the relevant factors in deciding whether to stay these proceedings. First, the interest of judicial economy weighs in favor of granting a stay of proceedings. The newly elected councilmembers for the City of Virginia Beach will commence their term on January 1, 2023. *See* Virginia Beach Charter, 1962, c. 147 § 3.02:1. Following the Fourth Circuit's decision, the City of Virginia Beach stated that the City Council "will decide on which election system to pursue for the November 2024 election."[2] It would be a waste of judicial resources to hold any proceedings ahead of the new Council's determination or dismiss the case before the new Council's determination.

Additionally, Plaintiffs will experience hardship if the action is not stayed. Extensive motion practice and briefing before the City Council decides on a new system of election would create a hardship for the Plaintiffs' and waste resources. *See* Mot. Stay, ECF No. 306. Finally, Defendants did not explain any prejudice that they might experience if the stay is granted. Def.'s Resp. Opp'n., ECF No. 310. A stay would not prejudice the Defendants in this matter. A commencement of proceedings after the City Council has decided upon a new method of election would still provide Defendants sufficient time to defend that system, if necessary, before the next City Council election in November 2024.

---

[2] City of Virginia Beach, "Holloway vs. City of Virginia Beach" vbgov.com, https://www.vbgov.com/government/departments/communications-office/hot-topics/Pages/Holloway-vs-VaBeach.aspx (last visited November 8, 2022)

### IV.   CONCLUSION

Therefore, for the foregoing reasons, Plaintiffs' Motion to Stay, ECF No. 306, is **GRANTED** until the Virginia Beach City Council decides upon a new election method for the City of Virginia Beach. For the forgoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 307, is **DENIED**.

The Clerk is **DIRECTED** to electronically provide this Order to all parties.

**IT IS SO ORDERED**

Norfolk, Virginia
November 15 , 2022

Raymond A. Jackson
United States District Judge